## REEVES *v.* SLATER.

---

CONTRACTS; INJUNCTION; PLEADING.

1. In an action on an arbitrator's award growing out of a contract between the parties to the agreement to arbitrate, it is no defense that such contract was champertous.

2. A bill in equity to restrain the execution of a judgment in an action on an arbitrators' award is properly dismissed, where the plaintiff fails to offer any excuse or explanation for not defending the action in which the judgment was rendered, and where it appears that the parties submitted their rights under the contract to the arbitration, and while such contract may have been improvident and perhaps champertous, the plaintiff accepted the award and partially settled it, and fails to show that any fraud or imposition was practised upon him by the defendant in inducing him to enter into the contract.

3. Allegations in a bill in equity that the defendant failed to perfect and make marketable a defective title, as he had agreed to do, but stating no fact by which the soundness of such conclusion can be decided, except that a title company had pronounced against the title, are too general.

No. 2216.  Submitted January 5, 1911.  Decided March 6, 1911.

HEARING on an appeal by the plaintiff from a decree of the Supreme Court of the District of Columbia, sitting as a court of equity, dismissing a bill to restrain the execution of a judgment at law.                    *Affirmed.*

The facts are stated in the opinion.

*Mr. W. Walton Edwards* and *Mr. John Ridout* for the appellant.

*Mr. William Henry White* for the appellees.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This is an appeal from a decree dismissing the bill of James C. Reeves, filed December 31st, 1909, against John T. Slater and William J. Kehoe, to restrain execution of a judgment.

It is unnecessary to set out the allegations of the bill, or the answer which denied its material allegations.

It appears that Reeves had been in possession for more than twenty years of twelve lots in the city of Washington, comprised in squares 604 and 605, and was desirous of perfecting his title thereto. After some negotiations with Slater, who, its seems, was not a lawyer, but had some experience in tax titles, etc., they entered into the following agreement:—

This agreement, had, made, and entered into this the 22d day of January, A. D. 1904, by and between James C. Reeves, of the city of Washington, in the District of Columbia, party of the first part, and John G. Slater, also of the said city of Washington, in the said District of Columbia, party of the second part.

Witnesseth, That the said party of the first part is in adverse possession for more than twenty (20) years of certain lots situated, lying, and being in the city of Washington, in the said District of Columbia, and known and distinguished as and being lots numbered one (1) to six (6), both inclusive, in square numbered 604, and lots numbered one (1) to six (6) in square 605; that he is desirous of filing a bill in equity to quiet the title to the same.

Now, therefore, this agreement witnesseth, That for and in consideration of the said party of the second part securing the services of counsel to file such bill and prosecute the suit

to its final termination without cost to the said party of the first part, he, the said party of the first part, for himself and his heirs, executors, administrators, and assigns, doth hereby covenant and agree to and with the said party of the second part his heirs and assigns, that he will pay to the said party of the second part, his heirs and assigns, the sum of $100 per lot, or he will give to the said party of the second part a first deed of trust for the said $100 per lot, on each of the said lots in the aforesaid squares. In witness whereof the said party of the first part has hereunto set his hand and seal the day and year first hereinbefore written.

James C. Reeves. (Seal)

Witness:
    Thomas W. Soran.
    John T. Norris.

For some unexplained reason, this contract was not executed by Slater, but no question seems ever to have arisen on that ground.

Slater went on under it and employed an attorney, Hallam, who filed a bill to quiet the title aforesaid. During its progress, Slater advanced some money for costs; but, failing to pay the examiner who took depositions in the case, Reeves was compelled to secure the same. A decree quieting the title was obtained, which Slater assured Reeves perfected his title. A controversy arose concerning the payment to Slater, and the parties entered into an agreement for arbitration. This agreement, with award of the arbitrator, its acceptance by the parties, and the transfer of Slater's rights therein, are in connected writings as follows:—

Whereas there is a question arising as to what John G. Slater is entitled to under a certain contract between him and James C. Reeves, relating to the perfecting of title to squares 604 and 605.

We hereby agree that O. B. Hallam is hereby constituted arbitrator between us, and that he shall determine from his

knowledge of the whole case and situation as to contract, etc., without any further hearing or testimony, what, if any, amount said Reeves shall pay to Slater,—said amount to be over and above $300 attorneys' fee and costs in the suit brought by Reeves.

James C. Reeves,
John G. Slater.

I find and award that Reeves, in addition to paying $300 attorneys' fees and $110 examiner's fees, pay to Slater $500; that Slater is not to make any claim against him for any cost he has heretofore paid; but that both Slater and Reeves are to be refunded according as they respectively paid them such costs as may be collected from the defendants in the suit.

O. B. Hallam.

May 1st, 1907.

We accept this award.
    May 7th, 1907.

James C. Reeves.
John G. Slater.

For value received, I hereby transfer all my right, title, and interest in the above agreement and settlement to Mattie R. Slater.

John G. Slater.

Reeves paid Hallam's fee, but failed to pay Slater or his assignee. Slater, to the use of the assignee, sued Reeves in the Municipal court on August 3d, 1909.

Reeves was regularly summoned. Failing to make an affidavit of defense, in reply to plaintiff's verified complaint, judgment was entered against him, on August 10th, 1909, for $500 and interest. This was certified to the supreme court of the District, and execution issued thereon was returned not satisfied November 8th, 1909. This judgment has been entered of record to the use of the defendant Kehoe.

There was no error in dismissing the bill. There is no evidence of fraud practised in the proceedings resulting in the

judgment that is attacked; and no accident prevented plaintiff from making defense to the action.

There is no explanation of, much less excuse for, the failure to offer any defense. Assuming that the champertous nature of the original contract could have been offered in defense, it was apparent when that contract was executed in 1904.

If the contract was exorbitant, and the fact might have been ground of defense, it soon became known, and the controversy over it ended in the arbitration and award made in May, 1907. If there had been a failure on Slater's part to obtain a proper decree quieting the title, as he had contracted to do, it would seem that ordinary diligence would have discovered the fact before August, 1909.

But, passing by the question of plaintiff's negligence, and assuming that the failure to defend the action cannot be attributed to his negligence or default, there is no evidence in the case to show that he had any substantial defense. Conceding that the contract with Slater was not only most improvident, but champertous in its terms, and one that ought not to have been enforced against the plaintiff, yet no case is made out for relief through this bill. He had insisted that the compensation provided in the contract was excessive, but admitted that Slater was entitled to something for his services. The matter of compensation was submitted to arbitration. When the award was made, plaintiff accepted it, and paid the attorneys' fee as settled thereby.

The action was upon this award, and the champertous nature of the original contract was no defense to it. While the contract was probably a foolish one, there is not a particle of evidence tending to show that fraud or imposition was practised upon plaintiff to induce him to enter into it. The claim that the decree quieting the title was irregular and inoperative is also without support in the record.

The bill alleged in general terms that it was defective, and failed to perfect the title and make it marketable, but stated no facts by which the soundness of this conclusion could be test-

ed. The only evidence offered was that a title company had pronounced against the title, but there was no competent evidence of any ground for that opinion.

The decree must be affirmed, with costs; and it is so ordered.

*Affirmed.*