*Anderson, Cann, Cann & Walsh,* for plaintiff in error.

*H. B. Strange* and *J. P. Dukes,* contra.

------

## McFARLIN *v.* CAMP, commissioner.

Where an equitable petition was filed against several parties, and verdict and decree were rendered, determining and fixing the various conflicting claims and rights of the parties plaintiff and defendant, and a commissioner was named to execute the decree of the court by selling the land and making certain payments according to the terms of the decree, one who was a party to the suit in which the decree was rendered could not maintain an action against the commissioner to set aside the decree, and for injunction, without making the persons really at interest parties to the action.

No. 1508. FEBRUARY 24, 1920.

Petition for injunction. Before Judge Hodges. Franklin superior court. May 5, 1919.

*J. A. McDuff* and *W. A. Stephenson,* for plaintiff.

*W. W. & E. C. Stark, W. R. Little, J. W. Landrum,* and *G. L. Goode,* for defendants.

BECK, J. Upon an equitable petition filed by Williford, Burns & Rice Company against Mrs. Doskie McFarlin et al., it was decreed and adjudged that certain lands involved in the controversy be sold by a commissioner appointed by the court for that purpose, and that the purchaser at the sale have the entire interest in the title of all the parties in the suit to the land sold. This decree also provided for the payment of the debts due to the plaintiffs and others, for cancellation of deeds upon the payment of such debts, and for the settlement of various interests, which it is not necessary here to specify. R. T. Camp was named as the commissioner, and his compensation was fixed. Before the sale Mrs. Doskie McFarlin brought her petition against R. T. Camp,

alleging that he was proceeding wrongfully and illegally to advertise the land for sale; that he was illegally appointed; that the parties at interest did not consent, or have knowledge that he had been authorized to advertise the land for sale; that she had consented for J. W. Landrum to sell the land at a fixed price, for a compensation of $50, but Camp, without her knowledge or consent, had been named as commissioner, and he was to receive $100 as compensation for his services; that the verdict and decree purported to be by consent, but she did not consent thereto; that Camp could not make a legal and equitable title to the land, as there were certain rights of minors involved; and that the land was not being properly advertised. The court refused to grant a temporary restraining order on this petition, and the petitioner excepted.

None of the various parties at interest, whose rights were apparently fixed and settled by the decree, were made parties. An injunction was sought merely against the commissioner who was performing a ministerial duty in executing the decree of the court. The verdict and decree in the case appear to have been rendered by consent, and they determined and settled the conflicting interests of creditors, heirs, and parties who were interested in the estate involved. None of the parties materially interested were made parties defendant to the petition of Mrs. McFarlin. The court properly refused the restraining order.

*Judgment affirmed. All the Justices concur, except Gilbert, J., absent on account of sickness.*