## BARNHART v AIKEN, et

Ohio Appeals, 3rd Dist, Logan Co
Decided March 31, 1931

Fred Markley, for Barnhart.

Dow Aiken, Bellefontaine, Deaton & Body, Urbana, C. C. Hall, Sidney, and Hale & McGee, Bellefontaine, for Aiken, et.

gratify a spirit of litigation."

Again, in 34 Corpus Juris, 442,

"A court of equity will not interfere with the enforcement of a judgment recovered at law unless it is unjust and unconscionable. The weight of authority is to the effect that a showing that at the time of the judgment the complainant had a meritorious defense, is none the less necessary because the judgment may have been obtained without service of the summons or appearance of defendant."

Judge Day, in **Allen v Everley, 24 Oh St, 97-111,** lays down the law that relief cannot be granted until the party affirmatively establishes facts which entitle him thereto, and unless that be done, equity leaves the parties where it found them.

. Again,

"To set aside the sheriff's return, the evidence must be clear and convincing. The presumption is that the officer's return is correct and the proof of its falsity must be clear and convincing."

The evidence before the trial court shows that Barnhart was working in Lima; was stopping at the home of a friend, Mrs. Pence; that he had resided continuously ever since in Lima or Santa Fe, making frequent trips from the one place to the other irrespective of the place which he considered his legal residence. The trial court taking into consideration the returns of the two sheriffs, that of the sheriff of Allen county that he had served him at his usual place of residence, and that of the sheriff of Logan county that he could not be found within his bailiwick, and that for more than seven years others occupied the property that had theretofore been his home, shop and store room, exercising all the prerogatives of ownership and that he paid no taxes or interest thereon, found that he had not sustained the issue on his part to the degree required by law.

Another ground for approving and confirming the decree of the court below, is that justice and equity would require a similar finding as that now sought to be set aside, and equity is not concerned about a judgment which though irregular, is in fact equitable. **Gifford v Morrison, 37 Oh St, 502.**

We find no error, and the decree and judgment of the Court of Common Pleas is affirmed at costs of plaintiff in error.

JUSTICE and CROW, JJ, concur.

**KLINGER, J.**

Neither in pleading nor proof is any statement of fact offered or suggested, that, had the service of summons been regular and the plaintiff in this proceeding been notified in fact, that he had and would have interposed a defense of any kind or character or that the finding and decree would have been any different from what it is.

A court of equity will not interfere with the enforcement of a judgment rendered at law unless it is unjust and unconscionable, and therefore relief will not be given unless complainant shows that he had a good and meritorious defense to the original action.

Judge Swan, in delivering the opinion in the case of **Oliver and Baum v Pray, 4 Ohio Reports, 175, on page 193,** said:

"It is not enough that the court has jurisdiction of the subject matter. It must be satisfied that the complainants have some merits, some grounds of defense to the action at law, before the judgment will be set aside. It is not enough that the party has lost the naked right of a jury trial. A judgment never ought to be opened to