## RAY v. CARR.
### No. 7324.

United States Court of Appeals for the District of Columbia.

Decided Sept. 5, 1939.

Richard A. Harman, John G. Epaminonda, and Joseph L. Borda, all of Washington, D. C., for appellant.

Sefton Darr and James O'D. Moran, both of Washington, D. C., for appellee.

Before EDGERTON, VINSON, and RUTLEDGE, Associate Justices.

EDGERTON, Associate Justice.

Appellant filed in the District Court his bill for an injunction against Edward M. Carr. The bill alleges that the defendant is clerk of the Small Claims and Conciliation Branch of the Municipal Court; that a judgment against appellant in that court was obtained without proper service of process upon appellant, and is therefore void; and that an attachment in aid of that judgment was served upon appellant's employer. It does not appear that appellant exhausted his remedies in the Municipal Court by moving to vacate the judgment. The bill prays that defendant be restrained from issuing any attachment, garnishment, or execution for the enforcement of the judgment. There is also a prayer for damages. The District Court dismissed the bill.

Whether or not appellant was properly served with process in the suit against him, he cannot prevail in the present suit. He does not allege that he has any defense to the claim on which he was sued in the Municipal Court. Though the authorities are divided, the prevailing rule refuses, in the absence of such an allegation, to restrain the enforcement of void judgments, including judgments obtained without service.[1] Stephens v. Bruce, 216 Ala. 677, 114 So. 306; Baskin v. Mosaic Templars of America, 176 Ark. 940, 4 S.W.2d 932; Fitzhugh v. Central Trust Co., 146 Kan. 585, 72 P.2d 959; Fowler v. Lee, 10 Gill & J., Md., 358, 364, 32 Am.Dec. 172; Braun v. Quinn, 112 Neb. 485, 199 N.W. 828, 39 A.L.R. 411; Barnhart v. Aiken, 39 Ohio App. 172, 177 N.E. 284; 1 Black, Judgments, 2d ed., Sec. 376. Cf. Reeves v. Slater, 36 App.D.C. 488, 492. Appellant apparently "claims only the barren right of being permitted to defend against a claim to which he had no defense." Gre-

---

[1] Notes, 39 A.L.R. 414; 118 A.L.R. 1498.

gory v. Ford, 14 Cal. 139, 142, 73 Am. Dec. 639, 641. As he seeks equity, he must do equity. Moreover appellant's judgment creditor, the Regal Clothing Company, is not a party here. In the circumstances of this case, a bill by a judgment debtor to restrain the enforcement of a judgment cannot be maintained against an officer of the court as sole defendant; it must be brought against the owner of the judgment, for he is the real party in interest. Cf. McFarlin v. Camp, 150 Ga. 38, 102 S.E. 349; Harrison v. Wallton's Executor, 95 Va. 721, 30 S.E. 372, 41 L.R.A. 703, 64 Am.St.Rep. 830. Ordinarily "the absence of the plaintiff in the original suit is a fatal defect." Harwood v. Railroad Company, 17 Wall. 78, 84 U.S. 78, 81, 21 L.Ed. 558. Appellant complains that the Clothing Company's rights against him were litigated in his absence, and at the same time seeks to litigate his rights against the Clothing Company in its absence.

Affirmed.