**BLACK, Plaintiff-Appellee v. POLING, Defendant-Appellant.**

Ohio Appeals, Second District, Darke County.

No. 615. Decided June 5, 1944.

Bougher & Gregg, Columbus, George W. Porter, Greenville, for plaintiff-appellee.

Wilbur D. Spidel, Greenville, for defendant-appellant.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from an order of the Common Pleas Court, overruling defendant-appellant's motion to dissolve a temporary restraining order enjoining the defendant from transferring, or otherwise disposing of, the proceeds of a certain policy of insurance issued by the United States government on the life of Robert T. Poling, deceased.

We have heretofore held that the order to which the appeal is directed is an appealable order. However, it must be noted that the hearing was upon a motion to dissolve the temporary injunction at which time no issue was drawn by pleadings in the cause.

The matter was submitted on the motion to vacate only. The plaintiff pleads that she contributed to the payment of the insurance; that there was an agreement between the plaintiff and Robert T. Poling, then her husband, that he would main-. tain her as his sole beneficiary in the policy; that it was at the suggestion and by the desire and insistence of said Robert T. Poling that the minor child, Richard T. Poling, who is now being maintained by the plaintiff, was adopted by her and said Robert T. Poling; that in the divorce proceeding between the plaintiff and Robert T. Poling the court by decree ordered the said Robert T. Poling to pay the annual premium on said policy of insurance and to maintain the plaintiff as sole beneficiary of said policy; that the change in the beneficiary of the policy from the plaintiff to the defendant was in fraud of the plaintiff's rights and that his designation of the defend-. ant as the beneficiary of said policy was fraudulent.

In the situation thus presented, we are of opinion and upon the state of the record as it now comes to us; the judgment should be affirmed.

When, and if, the cause is fully developed after issue drawn by the pleadings of the parties and if an appeal is again prosecuted, this judgment will be no impediment to a further consideration of the effect of the factual developments which may result upon a trial of the cause.

Judgment affirmed.

BARNES, P. J. and GEIGER, J., concur.