**TIPLING, Plaintiff-Appellee, v. RANDALL PARK HOLDING COMPANY, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22297. Decided June 30, 1952.

**350**

Kuth & Meyers, Cleveland, for plaintiff-appellee.
Ray T. Miller, Cleveland, for defendant-appellant.

## OPINION

By HURD, J:

This case comes before this court at this time on a motion to dismiss the appeal, on the ground that there is no final order or order in a special proceeding from which an appeal can be taken.

The notice of appeal, so far as pertinent, reads:

"Defendant appellant * * * appeals on questions of law * * * from a judgment and decree of the common pleas court whereby said * * * court granted plaintiff appellee a restraining order enjoining defendant appellant from trespassing upon, using, occupying or otherwise molesting plaintiff appellee's property."

While the notice of appeal does not so state, the appeal is from an allowance of a restraining order issued pendente lite. Upon a liberal interpretation of the record, it may also be considered as an appeal from a later order overruling a motion to dissolve a temporary restraining order.

The action is predicated upon rights claimed under a long term lease of a parcel of land located near Randall Race Track. For a full understanding of the issues involved it is necessary to set forth the prayer of the petition which is as follows:

"Plaintiff prays that during the pendency of this action the defendants, and each of them, their agents, representatives and employees, be severally restrained from entering upon, using or occupying the land so devised to plaintiff by the lease indenture recorded in Volume 180, page 354 of the Lease Records of Cuyahoga County; that upon the failure or refusal of defendants to deliver to plaintiff a properly executed lease for premises as herein described, said restraining order be made permanent so long as the land adjacent to the demised premises is used for racing purposes; that defendants, according to their respective rights and interests in the land commonly known as Randall Race Track, be required to duly execute and deliver to plaintiff a properly executed lease of an acre of land similarly located, to the demised premises ac-

ceptable to plaintiff, all as in said lease provided, with a foundation and floor of the size, type and material as hereinbefore described, installed thereon, that upon the failure or refusal of said defendants to restore the foundation and floor upon the demised premises or deliver an executed lease to other property as aforesaid, the plaintiff be awarded such other and further relief, both legal and equitable, as the plaintiff may be entitled to and the court can give, with his costs."

While there is a prayer in the alternative, the principal relief sought is that plaintiff's rights ultimately be established upon final adjudication by making permanent the temporary order heretofore granted by the trial court.

In our opinion, the appeal from the temporary order should be dismissed on the authority of **May Co. v. Bailey Co., 81 Oh St 471**, and **Jones v. Bank, 123 Oh St 642**. The syllabus of **May Co. v. Bailey Co.** reads:

"An order of the court of common pleas granting a temporary injunction in a suit in which the ultimate relief sought is an injunction, is not either a judgment or a final order which may be reviewed by the circuit court on petition in error."

Commenting upon an analogous situation, the court at page 473, states:

"There was no occasion for dividing up the case, leaving a part of it in the court of Common Pleas, while a part of it was taken to the circuit court. The questions involved in the allowance of the temporary injunction were not different from those which would be involved in a consideration of the final judgment, and the case should have been disposed of wholly in the court of common pleas, before a resort was had to the jurisdiction of the circuit court * * *."

In the case of Jones v. Bank, supra, the law of the case as stated in the syllabus is:

"An order of the court of common pleas overruling a motion to vacate a temporary injunction in a suit in which the ultimate relief sought is an injunction, is neither a judgment nor a final order which may be reviewed by the Court of Appeals on a petition in error. (May Co. v. Bailey Co., 81 Oh St 471, 91 N. E. 183, approved and followed.)"

Appellants have cited and quoted in part from the cases of **Hersch v. Home Savings & Loan Co. et al, 59 Oh Ap 145 (1938)** and Black v. Polling (1943) 66 N. E. 2d, 781, and **Wioland v. Mayflower Motors, 80 Oh Ap 310.**

We have examined these authorities and find them inapplicable to the issues here presented. In the cases of Hersch v. Home Savings & Loan Co. and Wioland v. Mayflower

Motors, the appeals were from orders granting motions to dissolve temporary restraining orders, just the reverse of the propositions here presented, and by clear implication an affirmance of the proposition that the overruling of a motion to dissolve a temporary order is not a final order where the principal and ultimate relief sought is a permanent injunction. The case of Black v. Polling was an action involving rights to proceeds from a life insurance policy growing out of a divorce suit, where the matter was submitted on a motion to vacate only. In any event, the reviewing court affirmed the judgment of the trial court in overruling the motion to dissolve the temporary order. However, there is little analogy factually to the instant case and it cannot be considered either as authoritative or persuasive in view of the holdings of the supreme court herein, in the cases hereinbefore cited.

In conclusion, it may be stated that the situation here presented as to law and fact is precisely the same as that presented in Jones v. Bank, supra, where at page 643 the court states:

"The Court of Appeals, on motion of the bank, dismissed the case for want of jurisdiction, holding that the action of the trial court in overruling the motion to dissolve the temporary injunction was an interlocutory order only, and in no sense such final order as might be reviewed in the Court of Appeals on error prior to the decision by the trial court of the case on its merits and thereupon the defendants prosecuted error to this court.

"There is but a single issue in the case, and that is whether the overruling of the motion to dissolve the injunction was an order with respect to which the defendants might rightfully prosecute error to the Court of Appeals."

The Supreme Court, in affirming the judgment of the Court of Appeals in dismissing the petition in error, approved and followed May Co. v. Bailey Co. supra. These authorities must be followed by this court in considering the merits of the issues presented in the motion to dismiss. When this case is tried on the merits, the matters here complained of will be subject to review at the instance of any aggrieved party. In the meantime, no injustice is done and the rights of all parties are preserved by holding the matters in dispute in statu quo pendente lite.

For the reasons stated, the motion to dismiss the appeal is granted. Exceptions allowed. Order see journal.

SKEEL, PJ, THOMPSON, J, concur.