CIESLIKOWSKI, APPELLANT, *v.* RADECKI ET AL., APPELLEES.

(No. 4863—Decided June 20, 1955.)

*Mr. Stephen A. Fazekas,* for appellant.
*Messrs. Mulholland, Robie & Hickey, Mr. Edward J. Mc-Cormick, Jr.,* and *Mr. Richard D. Stichter,* for appellees.

FESS, J. This is an appeal on questions of law from an order of the Common Pleas Court vacating a temporary injunction.

In her petition, plaintiff alleges that in October 1942 plaintiff and her husband obtained a loan in the sum of $2,500 secured by a mortgage upon the residence property owned by the husband; that the mortgage indebtedness was discharged by plaintiff and her husband in October 1952; that on December 18, 1942, her husband conveyed the premises to defendants (who are his children by a former marriage) without consideration;

that this plaintiff joined in the conveyance upon the representation that her husband was to have a life estate in the premises and that this plaintiff would be permitted to live in the premises for one year after the death of her husband; that, relying upon such representations, plaintiff conveyed her interest to the defendants; that her husband is still alive and, on September 29, 1952, he conveyed to the defendants by quitclaim deed all his interest in the premises, without the knowledge and consent of plaintiff; that on November 30, 1954, a landlord's complaint was filed by the defendants in the Municipal Court of Toledo, and at the hearing thereon plaintiff discovered that the representations made to her in December 1942, were false; "and that said facts were known by the defendants to be false and were made by them with intent to deceive and defraud this plaintiff of her rights in her husband's real estate."

Plaintiff alleges further that on December 21, 1954, judgment for possession of the premises was rendered in favor of the defendants and against plaintiff; that a writ of possession was issued to the bailiff of the Municipal Court; and that plaintiff fears that the bailiff will execute such writ unless restrained by this court. Plaintiff prays that the conveyances be declared null and void; that the property be declared to be the property of her husband; that the bailiff be restrained from executing the writ; and for such other relief as may be just, equitable and proper. Plaintiff's husband was not made a party to the action.

The injunction was granted as prayed for. Thereafter, defendants moved to vacate and set aside the injunction and, upon hearing, it was ordered that the injunction as to the bailiff be vacated but that the defendants, except the bailiff, be enjoined from transferring the premises.

It is apparent that plaintiff is not proceeding upon the alleged representation that she would remain in the premises for one year after her husband's death, but that she seeks to set aside the two deeds on the ground of fraud in the making of such representation. Upon obtaining the relief sought, plaintiff would have only an inchoate right of dower in the premises. Having no possessory right therein, she is not entitled to an injunction against the execution of the writ of possession.

Furthermore, the Common Pleas Court, in granting, refusing or vacating a temporary injunction, exercises its sound discretion. No bill of exceptions was filed incident to the appeal. A transcript of the argument between court and counsel upon the motion to vacate has been filed, which has no efficacy in the determination of the appeal. Therefore, there is nothing in the record disclosing an abuse of discretion or other error prejudicial to the plaintiff.

The court, in its journal entry, found that "the plaintiff has an adequate remedy at law and the defendants' motion to vacate and set aside the restraining order of this court is well taken." In the opinion of a majority of the court, under the allegations of the petition, the plaintiff is not entitled, as a matter of law, to the injunction against the bailiff of the Municipal Court.

The judgment of the Common Pleas Court vacating the injunction is affirmed.

*Judgment affirmed.*

DEEDS, J., concurs.

CONN, J., dissenting. I respectfully dissent from the conclusion of my associates and feel constrained to set forth my reasons therefor, and as briefly as possible.

Before entering upon the merits of the case, I wish to state that I do not concur in the general observation in the majority opinion that the vacation of an order for a temporary injunction in this case lies within the sound discretion of the trial court. I have read several cases where this issue was considered and it is my understanding that in an action for injunction wherein the ultimate relief sought is the adjudication of plaintiff's property rights in and to a specific property, and where a temporary injunction had been granted upon the filing of the petition and thereafter dissolved, the dissolution of such temporary injunction is a final order and appealable.

*Hersch* v. *Home Savings & Loan Co.*, 59 Ohio App., 145, 17 N. E. (2d), 377; *Wioland* v. *Mayflower Motors, Inc.*, 80 Ohio App., 310, 75 N. E. (2d), 443.

On the other hand where an injunction is the ultimate relief

sought, we find authorities which inferentially recognize the rule followed in the foregoing cases.

May Co. v. Bailey Co., 81 Ohio St., 471, 91 N. E., 183; *Jones, Treas.,* v. First National Bank of Bellaire, 123 Ohio St., 642, 176 N. E., 567; *Tipling* v. Randall Park Holding Co., 94 Ohio App., 505, 114 N. E. (2d), 279.

I call attention to some additional facts as disclosed on the record, to wit: that plaintiff and Joseph Cieslikowski, Sr., were married on February 7, 1942, and at the time of the marriage Joseph Cieslikowski, Sr., held the legal title to the real estate disclosed in the petition; also that the trial court granted plaintiff leave to amend her petition by alleging that the execution of said writ of possession would result in irreparable injury to plaintiff and that plaintiff does not have an adequate remedy at law.

Plaintiff claims that the trial court erred in dismissing the temporary injunction on the ground that the order of dissolution was contrary to law and prejudicial to plaintiff.

My consideration of the alleged errors constrains me to make the observation that plaintiff's petition does not exemplify the highest art in code pleading. The Code provides in express terms that the allegations in a pleading shall be in ordinary and concise language. Section 2309.04, Revised Code. The indefiniteness in the averments of plaintiff's petition and the uncertainty in the precise nature of plaintiff's claim could have been met by motion, timely filed, under Section 2309.34, Revised Code. No attack on the petition having been made, it must be regarded on this appeal as sufficient, unless, when liberally construed, it fails to state a cause of action.

However, the common-law rule which requires pleadings to be most strongly construed against the pleader has been abrogated by statute. (Section 2309.40, Revised Code.) Under the statute, courts are required to construe liberally the allegations in a pleading "with a view to substantial justice between the parties." In the early case of *McCurdy* v. *Baughman,* 43 Ohio St., 78, 1 N. E., 93, the court stated the rule in these words:

"Pleadings, under the present system, must be fairly and reasonably, not strictly, construed."

The material allegations in the petition have already been pointed out. From the time of plaintiff's marriage to Joseph Cieslikowski, Sr., early in 1942 to the time of the filing of plaintiff's petition, it is inferable on the facts pleaded and admitted that plaintiff and Joseph Cieslikowski, Sr., as wife and husband have occupied the property in question as their homestead, and that, at the time this appeal was taken, the character of the occupancy of said premises and the relationship of plaintiff and her husband had not changed.

Defendants contend that even if the allegations of the petition were sustained, plaintiff's interest in the property would be no more than an inchoate right of dower and that such contingent interest in real property does not provide a legal basis upon which to ground the right of possession. This contention is sustained by a majority of the court. However, it is my opinion that plaintiff's petition states a cause of action for equitable relief and, on the allegations therein, plaintiff's rights on this appeal may not be limited to a possible inchoate right of dower. This conclusion appears to be consistent with the action taken by the trial court when it very properly enjoined the defendants (excepting the bailiff), from transferring said property. In other words, the record before the trial court disclosed a basis for the intervention of a court of equity in ordering that the title to the real estate and the interests of the parties therein remain in status quo until the hearing of the case on the merits.

Furthermore, on the basis of the fact situation set up in plaintiff's petition, when liberally construed, it is my opinion that an inference of constructive fraud arises against plaintiff by reason of the conveyance of the husband's life estate in said property and the subsequent eviction proceedings brought by defendants in disregard of the alleged agreement and the marital rights of plaintiff.

On the undisputed facts, as disclosed on the record, does it appear that plaintiff has a right to equitable relief by way of a temporary restraining order as prayed for?

It is uniformly recognized that a court of equity will not grant relief by way of injunction against judgments where relief can be obtained by way of appeal. However, equity, acting

in personam, has jurisdiction to enjoin a party in whose favor a judgment has been entered from enforcing same, where to do so would be inequitable or unconscionable, and where it appears that the complainant has a meritorious defense to the original action.

We have examined a number of authorities in this state which recognize the above rule, some of which we cite, as follows: 16 Ohio Jurisprudence, 241, Section 102; 21 Ohio Jurisprudence, 1217, Section 146; *Langenau Mfg. Co.* v. *City of Cleveland,* 159 Ohio St., 525, 112 N. E. (2d), 658; *Darst* v. *Phillips,* 41 Ohio St., 514; *Barnhart* v. *Aiken,* 39 Ohio App., 172, 177 N. E., 284; *Lyons* v. *McMahon, Constable,* 19 C. C. (N. S.), 343, 32 C. D., 490; *Foster* v. *Ellison,* 12 C. C. (N. S.), 399, 21 C. D., 513.

The first paragraph of the syllabus in *Langenau Mfg. Co.* v. *City of Cleveland, supra,* states the general rule (although on a different state of facts) as follows:

"A court of equity will intervene to prevent the enforcement of claimed rights in a court of law where it is shown that there are situations, or relations existing between the parties, which would render the enforcement of a single lawful claim unjust or inequitable."

Moreover, there is no claim made that any injustice will be done the several defendants in this action if the alleged property rights of plaintiff are preserved until the case can be heard on the merits.

Without further extending this dissent, it is my conclusion, as already indicated, that when plaintiff's petition, together with the inferences that arise thereon, is given a liberal construction, a cause of action for equitable relief is set forth and that plaintiff's rights were prejudicially affected by the dissolution of the temporary restraining order, in advance of the hearing on the merits of plaintiff's cause of action.