**JONES, Plaintiff-Relator, v. SATER et, Defendants-Respondents.**

Ohio Appeals, Tenth District, Franklin County.

No. 6343.   Decided January 4, 1960.

Milton L. Farber, Columbus, for plaintiff-relator.
Earl W. Allison, Pros. Atty., Columbus, for defendants-Respondents.
Russell Leach, City Atty., Alba L. Whiteside, Asst. City Atty., Columbus, Special Counsel to Prosecuting Attorney.

## OPINION

By BRYANT, PJ.

This is an original action in prohibition filed today in this court and the question for almost immediate determination is whether or not a temporary injunction shall be issued.

Plaintiff in his petition alleges that he is a duly appointed and qualified councilman of the City of Columbus, by appointment on December 30, 1959, by the then Mayor M. E. Sensenbrenner.   The defendants are the several judges of the Common Pleas Court of Franklin County, Ohio.

Plaintiff says that Russell Leach, as the City Attorney of the City of Columbus filed a suit in the said common pleas court, No. 206,831, Russell Leach, City Attorney v. Russell M. Jones, in which he asked for a temporary and a permanent injunction against Jones, restraining Jones from sitting or acting or performing any of the duties of a councilman of said City of Columbus.

It was brought out that the common pleas court without notice to Jones or opportunity to be heard allowed the temporary restraining order and that this order will continue in effect until January 8, 1960, or such other date as the court below may fix, the latter date being the time of hearing on the issuance of a temporary injunction in place of a temporary restraining order.

The principal contention of the plaintiff is that the action in the common pleas court amounts to a trial of his right to hold the office, that such trial of title can not take place in an action for an injunction, but that instead it is a legal action which must be brought in the form known as a quo warranto proceeding.   It is further plaintiff's conten-

tion that the common pleas court does not have and never has had jurisdiction to entertain actions in quo warranto but that only the courts of appeal or the supreme court have such jurisdiction in quo warranto.

With the petition was filed a motion asking this court to issue a temporary injunction restraining the judges of the common pleas court from exercising any jurisdiction or authority in that injunction action. This has since been broadened to include in the order the setting aside of the lower court's restraining order.

On the motion of the court, notice of the hearing on the question of allowing the temporary order was given by telephone to the Hon. Robert M. Draper, Presiding Judge of the Common Pleas Court, to City Attorney Leach and to County Prosecuting Attorney Earl M. Allison, after which conferences, the matter was set down for oral argument before Duffy, J., and the writer. City Attorney Leach was designated as special assistant prosecuting attorney for the purpose of the hearing which proceeded with appearances entered on behalf of the several defendants.

On behalf of the defendants and in support of the authority of the common pleas court, City Attorney Leach contended that Mayor Sensenbrenner lacked the authority to make this appointment, that as a result of the decision in the case of State, ex rel. Devine, v. Hoermele, 168 Oh St 461, involving a similar question, the appointment of Jones was neither de jure nor de facto, but that Jones had not even color of office and was a mere intruder For this reason, it was urged that the suit in the court below was not a trial of title but was merely excluding an intruder from office and hence the court of common pleas court had authority to entertain the injunction suit.

It is conceded by all parties that if the action in the court below is in fact a trial of the title to the office and if in fact Jones holds either as a de jure or a de facto office, the lower court lacks jurisdiction to entertain the action and that only an action in quo warranto is appropriate. All parties agree that all of the questions involved may be thoroughly and fully litigated in an action in quo warranto. In fact no legal explanation has been offered for the use of the injunctive form of action, except that it was permitted under the circumstances.

We feel that the basic question in the suit in the common pleas court is the right of Jones to hold the office to which he was appointed and to say that it is not a trial of his right to hold that office is not supported by the facts or the allegations of the petition, which at page two says "the defendant threatens to usurp and unlawfully hold" the office of councilman and again on the same page that Jones "has no color of title or right" as such councilman.

In the case of State, ex rel. Maxwell v. Schneider, 103 Oh St 492, it was held that quo warranto and not injunction is the proper action for testing the question of title to an office. In the case of Stiess v. State, 103 Oh St 33, it was held that the authority of a police justice can not be questioned except in an action in quo warranto.

In State, ex rel. Hogan, 84 Oh St 143, it was held that the only au-

thority for proceeding against a person who usurps or unlawfully holds public office is by an action in quo warranto.

In **Harding v. Eichinger, 57 Oh St 371**, it was held, as disclosed in the syllabus as follows:

"Injunction will not lie at the suit of a claimant to a public office who is out of possession against an adverse claimant who is in possession."

Cited in support thereof was the case of **Reemelin v. Mosby, 47 Oh St 570.**

In the case of **State, ex rel. Garrison, v. Brough, 94 Oh St 115**, the third branch of the syllabus reads in part as follows:

"The remedy by injunction can not be employed to try the title to a public office but it may be resorted to by one in possession of a public office, under color of title to protect his possession."

Other cases could be cited and this opinion could be extended. In the short time permitted, the court has examined as many authorities as time would permit. Being of the opinion that the question before the court below related to the right or title to office of Jones, we are also of the opinion that quo warranto not only was the appropriate but the only permissible course of action. It is not disputed that the lower court was completely without jurisdiction in quo warranto. Hence the motion prayed for must be allowed and the restraining order dissolved.

DUFFY, J, concurs.