BEASLEY, APPELLEE, *v.*
CITY OF EAST CLEVELAND ET AL.,
APPELLANTS.

(No. 48481—Decided December 3, 1984.)

*Deborah J. Nicastro* and *Bernard A. Berkman,* for appellee.

*Henry B. Fischer* and *Jules N. Koach,* for appellants.

MARKUS, J. An ousted city manager brings this action against the city, its commissioners, and the replacement city manager to establish the alleged illegality of his replacement. He also seeks an injunction against defendants' interference with his investigative activities as city manager, and damages

for their breach of his claimed employment contract. The trial court initially granted a temporary restraining order which tentatively restored plaintiff to his previous position and enjoined the defendants from interfering with his actions in that capacity.

Defendants appeal, arguing that the trial court (1) lacked jurisdiction since the underlying action seeks quo warranto relief, (2) had insufficient evidence to support its order, and (3) failed to require plaintiff to provide security for defendants' losses if they ultimately prevail. Two other panels of this court rejected plaintiff's motions to dismiss this appeal as a request to review a nonfinal order or a moot appeal after the restraining order expired. We accept their rulings without expressing any further opinion about our jurisdiction to consider this appeal. We agree that the temporary restraining order was inappropriate in these circumstances, so we reverse and remand with limiting instructions for further proceedings.

## I

Plaintiff's verified complaint alleges that the defendant commissioners chose him to serve as city manager for a two-year term beginning on March 2, 1984. It describes some of his activities which he perceives as proper but offensive to some commissioners. He asserts that the commission majority then voted to request his immediate resignation and passed a resolution removing him from office on April 3, 1984. The complaint claims that the commission immediately appointed a replacement city manager, while contending that his own removal could not be legally effective for thirty days. He alleges that the commission never provided him with formal charges or a hearing, acted without just cause, and violated specified city charter provisions.

Plaintiff filed his complaint on April 6, 1984. Defendants responded with a motion to dismiss, claiming that the common pleas court had no jurisdiction to determine this claimant's right to public office. Without deciding that issue, the court addressed plaintiff's motion for the temporary restraining order which is the subject of this appeal. For that purpose, the court received no evidentiary materials beyond plaintiff's verified complaint.

The disputed order provides:

"This cause came on to be heard on the 10th day of April, 1984, on the Complaint of the plaintiff for injunctive relief and temporary restraining order. The Court having considered the Complaint under Civil Rule 65B, the briefs presented by the plaintiff and the defendants, finds that the conduct of the defendants is causing substantial and irreparable harm to the plaintiff, that said harm will continue unless the conduct complained of is immediately enjoined by this Court, that the amount of such harm cannot be definitely ascertained, that the defendants cannot be made to adequately account for such harm by money damages.

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the defendants and those acting in concert with them and all persons to whom notice of this Order shall come, each and all, are hereby enjoined and restrained as follows:

"1. Defendants [commissioners], Willie Pace, Jr., Edith Head and Gladys M. Walcott, their agents, servants, employees, attorneys and those persons in active concert or participation with them be restrained from interfering with the plaintiff's appointment of any person to office or employment, and further the Court declares that the removal of the plaintiff, Robert Beasley, from office is null and void.

"2. The defendants are further restrained from interfering with the plaintiff's investigation of East Cleveland Development Corporation

(ECDC) and that the records seized of the ECDC and now in the possession of the East Cleveland Police Department pursuant to said investigation not be interferred [sic] with in any manner by the defendants or their agents.

"3. That the appointment of the defendant [replacement city manager], Elijah Wheeler, is null and void and that the said defendant, Elijah Wheeler, his agents, servants, employees, attorneys and those persons in active concert or participating with him be restrained from performing or attempting to perform the duties of City Manager of the City of East Cleveland, and that the said defendant, Elijah Wheeler, be ordered to vacate the plaintiff's office at the City Hall of East Cleveland.

"4. That the appointment by the defendant, Elijah Wheeler, of the defendant, Warner Jackson as Law Director is null and void and that the defendant, Warner Jackson, his agents, servants, employees, attorneys and those persons in active concert or active participation with him be restrained from performing or attempting to perform any of the duties of Law Director, and that the said Warner Jackson be ordered to vacate the Law Director's office at the City Hall of East Cleveland.

"This Temporary Restraining Order shall remain in full force and effect for a period of 14 days beginning on the 11th day of April, 1984 and ending on the 25th day of April, 1984, and shall expire by its own terms following the last day of this period unless within this period this Temporary Restraining Order is extended either by the order of this Court or by agreement of the parties."

Defendants appealed. The panel of this court which denied plaintiff's motion to dismiss the appeal also ordered the trial court to stay further proceedings pending this appeal.

## II

In their joint brief, defendants' first assigned error asserts:

"The trial court erred, to the prejudice of Appellants, when it granted Appellee's Motion for a Temporary Restraining Order, and issued its Temporary Restraining Order of April 10, 1984."

Defendants argue that the order (a) provides quo warranto relief beyond the common pleas court's jurisdiction, or (b) attacks the constitutionality of a city legislative act without complying with R.C. 2721.12 by serving the state Attorney General. We hold that the appointment and removal of a city manager are not legislative acts. Cf. *In re Heafy* (1936), 247 App. Div. 277, 285 N.Y.Supp. 188; *Wagner* v. *State, ex rel. Walker* (1910), 173 Ind. 603, 91 N.E.1. Consequently, R.C. 2721.12 has no application here. However, we agree that the challenged order grants quo warranto relief.

The Ohio Constitution vests the courts of appeals with original jurisdiction for quo warranto actions. Section 3, Article IV, Ohio Constitution. It gives the Supreme Court concurrent original jurisdiction for such actions and appellate jurisdiction to review decisions by the courts of appeals in such cases. *Id.* at Section 2. By statute, common pleas courts have no jurisdiction to consider quo warranto actions. R.C. 2733.03; *State, ex rel. Maxwell,* v. *Schneider* (1921), 103 Ohio St. 492, 496; *Jones* v. *Sater* (1960), 110 Ohio App. 125, 127 [12 O.O.2d 390]. Apparently, the Ohio Constitution and statutes require multi-judge reviewing courts to decide such cases because they may have substantial immediate impact on governmental structures.

R.C. Chapter 2733 defines quo warranto actions, identifies possible parties and the courts qualified to hear them, and creates procedures for their consideration. R.C. 2733.06 authorizes such actions by persons claiming to be the proper public official:

"A person claiming to be entitled to

a public office unlawfully held and exercised by another may bring an action therefor by himself or an attorney at law upon giving security for costs."

R.C. 2733.14 and 2733.17 describe the remedies available by such an action:

"When a defendant in an action in quo warranto is found guilty of usurping, intruding into or unlawfully holding or exercising an office, franchise, or privilege, judgment shall be rendered that he be ousted and excluded therefrom, and that the relator recover his costs."

"If judgment in an action in quo warranto is rendered in favor of the person averred to be entitled to an office, after taking the oath of office and executing any official bond required by law, he may take upon him the execution of the office. Immediately thereafter such person shall demand of the defendant all books and papers in his custody or within his power appertaining to the office from which the defendant has been ousted."

Quo warranto is the sole proceeding allowed to challenge another's title to public office. *Jones* v. *Sater, supra; State, ex rel. Maxwell,* v. *Schneider, supra; State* v. *Staten* (1971), 25 Ohio St. 2d 107 [54 O.O.2d 235]; *Stiess* v. *State* (1921), 103 Ohio St. 33; *State, ex rel. Kirk,* v. *Wheatly* (1938), 133 Ohio St. 164 [10 O.O. 236]. For the purpose of quo warranto proceedings, a city manager's position is a public office. Cf. *State, ex rel. Gerhardt,* v. *Krehbiel* (1974), 38 Ohio St. 2d 90.

Common pleas courts cannot order declaratory or injunctive relief which effectively provides quo warranto relief and thereby circumvent this specialized remedy. See *State, ex rel. Iris Sales Co.,* v. *Voinovich* (1975), 43 Ohio App. 2d 18 [72 O.O.2d 162]; *Jones* v. *Sater, supra; State, ex rel. Kirk,* v. *Wheatly, supra.* Virtually every challenge to another's title to a public office can be phrased as a declaratory relief action seeking inter-

pretation of some underlying constitutional or legislative provision. If that ploy were allowed, counsel could avoid the mandated quo warranto remedy which must be filed in designated appellate courts. By contrast, a court authorized to decide quo warranto cases can order ancillary injunctive relief to maintain existing conditions while it resolves such an action. *Reemelin* v. *Mosby* (1890), 47 Ohio St. 570, 572.

In the present case, plaintiff seeks judicial interpretation and enforcement of the East Cleveland Municipal Charter for two different purposes. First, he asks the court to determine his right to the contested office, to oust an alleged intruder, and to prevent interference with his conduct of that office. Second, he seeks monetary damages from the city and others for the breach of an alleged employment contract partially defined by the city charter. Only a court authorized to decide quo warranto cases can grant the former type of relief. Any general jurisdiction court can grant the latter type of relief.

Defendants claim that R.C. 2733.18 precludes any action for damages by an improperly ousted public officer until that former officer first prevails in a quo warranto action. That statute provides:

"Within one year after the date of a judgment mentioned in section 2317.17 of the Revised Code, the person in whose favor the judgment is rendered may bring an action against the party ousted, and recover the damages he sustained by reason of such usurpation."

This section allows the wrongly displaced official to bring an action against the usurper for resulting damages, within one year after a successful quo warranto case. It limits the time in which the official can file suit. It does not limit the official's basis for recovery or the court in which the official can assert it.

We see no reason why an ousted official cannot assert a damage claim for

breach of contract in a common pleas court. Likewise, we see no reason why that action must await the commencement or conclusion of a separate quo warranto claim. The special form and the special court for quo warranto cases result from concerns about a remedy which replaces current governmental officials. A contract damage claim does not have such a dramatic effect on government, regardless of any constitutional or statutory basis for the claim. Such a contract claim presents no special complexity different from numerous cases routinely resolved by common pleas courts.

Therefore, we reject defendants' contention that the trial court had no jurisdiction over any aspect of plaintiff's claims. However, we agree that the substance of the trial court's temporary restraining order constitutes quo warranto relief. Consequently, the court lacked authority to enter that order. Defendants' first assigned error has merit, so we reverse and direct the trial court not to enter any similar order during the pendency of this action. Without making any comment about the merits of plaintiff's contract damage claims, we remand for further consideration.

### III

We have already determined that the trial court lacked subject matter jurisdiction to make the disputed order. We address defendants' second assignment of error to comply with our responsibility described in App. R. 12(A). Defendants' second assigned error contends:

"The trial court erred, to the prejudice of Appellants, when it issued a Temporary Restraining Order declaring that the Commission's removal of Robert Beasley from the office of City Manager, its subsequent appointment of Elijah Wheeler to the office of Acting City Manager, and Elijah Wheeler's subsequent appointment of Warner Jackson to the office of Law Director were all null and void."

Defendants argue that the court's order lacked evidentiary support and any provision for security to protect defendants' interests. Despite the court's apparently inadvertent reference to Civ. R. 65(B), which governs preliminary injunctions, the disputed order is a temporary restraining order. It is so designated and it expressly expires in the brief time allowed for such orders. See Civ. R. 65(A).

Like a preliminary injunction, a temporary restraining order makes no final adjudication for any issue. Such orders merely prevent designated parties from exercising their claimed rights pending a determination of the merits. *Gessler* v. *Madigan* (1974), 41 Ohio App. 2d 76 [70 O.O.2d 68]. In this case the order purported to hold the parties in their positions shortly before plaintiff filed his suit. It directed the parties to return to and remain at the *status quo ante*. Cf. *Edgewater Construction Co., Inc.* v. *Percy Wilson Mortg. & Finance Corp.* (1976), 2 Ill. Dec. 864, 357 N.E. 2d 1307.

To the extent that any language used by the court suggests a final decision about the parties' rights, the order cannot have that effect. Whenever feasible, we should interpret orders to favor their validity, since we presume the regularity of the trial court's action. Therefore, we interpret the findings and rulings in this order as tentative conclusions which expire with the short-lived order.

The trial court has broad discretion to grant or deny temporary restraining orders, particularly when it affords all parties prior opportunity to contest them. Cf. *Cieslikowski* v. *Radecki* (1955), 100 Ohio App. 46 [59 O.O. 476]. In this case, the court could properly rely on plaintiff's verified complaint without further evidence, since defen-

dants had an opportunity to file conflicting evidentiary materials.

The verified complaint provided sufficient evidence for the court to find that "immediate and irreparable injury" would result without the requested temporary order. See Civ. R. 65(A). Consequently, the court would not have abused its discretion by making the contested order, if it had jurisdiction to do so.

Defendants also complain that the court did not determine how plaintiff would protect defendants against losses during their restraint, if they ultimately prevailed. Generally, the court granting temporary relief should provide for that contingency by requiring a suitable bond before the order is effective. Civ. R. 65(C); *In re Cattell* (1945), 146 Ohio St. 112, 122-123 [32 O.O. 43]; *Fawick Airflex Co.* v. *United Electrical, Radio & Machine Workers* (1951), 90 Ohio App. 24, 28 [46 O.O. 325].

The court might well have concluded that defendants required little or no security to protect them for the short duration of this order. It attempted to set a $100 bond two days later, which seemingly provided some security for this order and a related additional order. However, defendants' appeal to this court intervened before the trial court set the bond, so the court may have lost jurisdiction to remedy its omission.

In any event, the court's failure to set a bond or deny its necessity was not by itself sufficiently prejudicial to justify reversal here. Defendants' second assigned error lacks merit.

We reverse and remand for the reasons set forth in our discussion of defendants' first assigned error.

*Judgment reversed and cause remanded.*

PARRINO, P.J., and ANN MCMANAMON, J., concur.