{¶ 1} Relator has filed for a writ of mandamus to force Respondent Janet Tarpley, a member of Youngstown City Council, to vacate her elected office or to vacate any additional paid employment she may have with Mahoning County, Ohio. Respondent has filed a motion to dismiss the request for mandamus. For the following reasons, the motion to dismiss is sustained.
 {¶ 2} Respondent has filed a Civ. R. 12(B)(6) motion to dismiss the filing. Respondent argues that Relator has failed to file the appropriate action to obtain the relief he seeks, (a quo warranto action) and that Relator's complaint fails whether it is interpreted as an attempt to request a quo warranto action or as a mandamus action. Dismissal under Civ. R. 12(B)(6) is appropriate if, after all factual allegations are presumed true and all reasonable inferences are made in Relator's favor, it appears beyond doubt that there are no set of facts that could warrant the requested extraordinary relief in mandamus.State ex rel. Talwar v. State Med. Bd. of Ohio, 104 Ohio St.3d 290,2004-Ohio-6410, 819 N.E.2d 654, ¶ 5.
 {¶ 3} A writ of mandamus is defined as, "a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. A writ of mandamus may be granted if the court finds that the relator has a clear legal right to the relief requested, that the respondent is under a clear legal duty to perform the requested act, and that the relator has no plain and adequate remedy at law. State ex rel. Rogers v.Taft (1992), 64 Ohio St.3d 193, 594 N.E.2d 576; State ex rel. Hodges v.Taft (1992), *Page 2 64 Ohio St.3d 1, 3, 591 N.E.2d 1186. In order to constitute an adequate remedy at law, the alternative must be complete, beneficial, and speedy.State ex rel. Smith v. Cuyahoga Cty. Court of Common Pleas,106 Ohio St.3d 151, 2005-Ohio-4103, 832 N.E.2d 1206, ¶ 19.
 {¶ 4} Relator is a private citizen who seeks to remove an elected official from office, or in the alternative, to have Respondent conform to what Relator alleges are the requirements of that office. Relator urges that a member of a municipal legislative authority may not hold any other public office or employment. In the request for a writ, Relator states that Respondent is a member of Youngstown City Council and that she also is employed at the Mahoning County Juvenile Justice Center. Relator seeks to have Respondent either vacate her elected office or conform to the law by desisting from her alleged outside public employment.
 {¶ 5} Relator has not filed the appropriate legal action to obtain the relief requested. The only cause of action that allows for the removal of a public official from office is that of quo warranto, governed by the provisions of Ohio Revised Code Chapter 2733. State ex rel. Maxwellv. Schneider (1921), 103 Ohio St. 492, 496, 134 N.E. 443; State v.Staten (1971), 25 Ohio St.2d 107, 267 N.E.2d 122; Jones v. Sater (1960),110 Ohio App. 125, 127, 167 N.E.2d 362; Beasley v. East Cleveland
(1984), 20 Ohio App.3d 370, 20 OBR 475, 486 N.E.2d 859.
 {¶ 6} Mandamus cannot be granted in this case because there is complete, beneficial, and speedy legal relief available in the form of a quo warranto action. For this reason, Relator's complaint must be dismissed. *Page 3 
 {¶ 7} Even if we were to construe Relator's current filing as an attempt to file a quo warranto action, it would likewise fail. If Relator was attempting to bring a quo warranto action rather than a mandamus action, he would need to satisfy the specific statutory requirements, which in many respects are different than the requirements necessary to bring a mandamus action. For example, R.C. 2733.04-06, which governs quo warranto actions, grants standing to bring such an action only to the attorney general, a prosecuting attorney, or to a, "person claiming to be entitled to a public office unlawfully held and exercised by another". Relator's complaint does not allege that he has standing to bring a quo warranto action. In Relator's request for a writ he asserts that he is a resident, taxpayer and registered elector of the City of Youngstown. The Ohio Supreme Court has consistently held that, "`an action in quo warranto may be brought by an individual as a private citizen only when he personally is claiming title to a public office.'"State ex rel. Coyne v. Todia (1989), 45 Ohio St.3d 232, 238,543 N.E.2d 1271, quoting State ex rel. Annable v. Stokes (1970), 24 Ohio St.2d 32,32-33, 53 O.O.2d 18, 262 N.E.2d 863. Relator is not claiming title to any public office. Thus, Relator's filing fails even if we construe it as a request for quo warranto.
 {¶ 8} Regardless of the type of action that Relator has filed, it appears to fail as a matter of law on its basic legal premise, namely, that a member of Youngstown City Council may not hold additional public employment. Relator cites as authority R.C. 705.12, which states, in pertinent part: "Members of the legislative authority of a municipal corporation * * * shall not hold any other public office or employment, *Page 4 
except that of notary public or member of the state militia, or state or county central committeeman of a political party, or state or county executive committeeman of a political party, or state or county officer of a political party, and shall not be interested in the profits or emoluments of any contract, job, work, or service for the municipal corporation. Any member who ceases to possess any of the qualifications required by this section shall forthwith forfeit his office." R.C. 705.12 appears to be the sole legal basis on which Relator relies for his relief.
 {¶ 9} Respondent replies that R.C. 705.12 does not apply to members of Youngstown City Council because the City of Youngstown is a "home-rule" municipality that has adopted local requirements for city council members that differ from R.C. 705.12. Respondent argues that the precise issue that Relator has raised in his complaint was resolved in the case of State ex rel. Bindas v. Andrish (1956), 165 Ohio St. 441, 60 O.O. 92,136 N.E.2d 43. Bindas was a quo warranto action in which the question presented was whether a person employed as a public schoolteacher could fill the vacated office of a member of Youngstown City Council. The relator argued that former R.C. 731.02 disqualified the erstwhile councilman. The wording of former R.C. 731.02, as cited in Bindas v.Andrish, stated:
 {¶ 10} "`Members of the legislative authority at large shall have resided in their respective cities, and members from wards shall have resided in their respective wards, for at least one year next preceding their election. Each member of the legislative authority shall be an elector of the city, shall not hold any other public office oremployment, except that of notary public or member of the state militia, and *Page 5 
shall not be interested in any contract with the city. A member who ceases to possess any of such qualifications, or removes from his ward, if elected from a ward, or from the city, if elected from the city at large, shall forthwith forfeit his office.'" (Emphasis added.) Id. at 443, 136 N.E.2d 43.
 {¶ 11} The Ohio Supreme Court acknowledged that municipalities in Ohio may adopt a charter form of government and exercise all powers of self-rule under such a charter. See Sections 3 and 7, Article XVIII of the Constitution of Ohio. The Court found that the City of Youngstown had such a charter, and that the charter defined the qualifications for city council simply as follows: "`A councilman shall be an elector of the ward from which he is elected and of not less than 25 years of age.'" Id.
 {¶ 12} The Bindas Court examined whether the statutory provision prohibiting municipal legislative officeholders from holding additional public employment took precedence over the provisions of the Youngstown City Charter. The Ohio Supreme Court held that:
 {¶ 13} "[T]he Youngstown charter makes specific provision for the qualifications of its councilmen. There is therefore no necessity to resort to state statutes in considering what those qualifications should be. Furthermore, by specifying that its councilmen shall have certain specific qualifications, the people of Youngstown in their charter have inferentially expressed an intention that those are to be the only qualifications required of them. Expressio unius est exclusioalterius." (Citations omitted, emphasis in original.) Id. at 445. *Page 6 
 {¶ 14} Although the statute at issue in the instant action is not the same statute under review in Bindas, the issue presented is the same. The Ohio Supreme Court has held that the Youngstown City Charter alone sets forth the qualifications for holding the office of a city council member, and that those qualifications, at least at the time thatBindas was decided, did not include any prohibition on holding other public employment. Therefore, absent a change in the charter provisions, Relator in this action cannot show that there is a clear legal right that this Court must enforce, either through mandamus or quo warranto.
 {¶ 15} For all the aforementioned reasons, we sustain Respondent's motion to dismiss the request for writ of mandamus. The matter is dismissed.
 {¶ 16} Costs taxed against Relator. Final order. Clerk to serve notice as provided by the Civil Rules.
 Waite, J., concurs. Donofrio, J., concurs. DeGenaro, P.J., concurs. *Page 1