**[Cite as *Bey v. Lucas Cty. Court of Common Pleas*, 2022-Ohio-2571.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Shariff Alameen Bey                                   Court of Appeals No.  L-22-1119

    Relator

v.

Lucas County Court of Common Pleas        **DECISION AND JUDGMENT**

    Respondent                                        Decided:  July 27, 2022

* * * * *

Shariff Alameen Bey, Pro se.

* * * * *

**OSOWIK, J.**

**{¶ 1}** On May, 18, 2022, relator, Shariff Alemeen Bey, filed a petition seeking a writ of quo warranto against respondent identified only as "Lucas County Court of Common Pleas."  Relator failed to name a specific individual subject to the requested writ in the caption of his petition and failed to provide a praecipe for service of the

petition. As a result, no responsive pleadings have been filed. Nevertheless, for the reasons identified herein, we find that relator's petition reveals that he clearly lacks standing to pursue the requested writ and we dismiss his petition.

{¶ 2} A quo warranto action is a proceeding that challenges an individual's title to a public office. *Beasley v. City of East Cleveland,* 20 Ohio App.3d 370, 486 N.E.2d 859 (8th Dist.1984). R.C. 2733.05 establishes that the Ohio attorney general or a prosecuting attorney may bring an action in quo warranto for any reason identified in R.C. 2733.01. However, "a person other than the attorney general or a prosecuting attorney can bring a quo warrant action, as a private citizen, only when the person is personally claiming title to a public office." *State ex rel. Newell v. Jackson,* 118 Ohio St.3d 138, 2008-Ohio-1965, 886 N.E.2d 846, ¶ 6. For a writ of quo warranto to issue on behalf of a private citizen they must "establish (1) that the office is being unlawfully held and exercised by respondent, and (2) that relator is entitled to the office." *Id.* Therefore, as a private citizen, relator can only maintain an action in quo warranto if he personally claims that he is entitled to hold a public office occupied by a named respondent. *Id.*

{¶ 3} Relator's petition is devoid of any such allegation. Instead, relator's petition seeks an order from this court finding that he is not subject to the jurisdiction of the Lucas County Court of Common Pleas because he is a foreign national and, he alleges, only the "Consulate and the U.S. Supreme Court" may exercise personal jurisdiction over him. While the body of the petition alleges that either Judge Ian English, a current judge

2.

in the Lucas County Court of Common Pleas, or Lucas County prosecutor Evy Jarret must defend the court's exercise of jurisdiction over him, relator never asserts that he is entitled to hold either public office. Essentially, appellant seeks an order from this court excluding him from the jurisdiction of the Lucas County Court of Common Pleas in perpetuity. Because his petition fails to allege he is entitled to hold a public office, relator clearly lacks standing to maintain his quo warranto action.

{¶ 4} "Sua sponte dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint." *State ex rel. Kreps v. Christiansen* (2000), 88 Ohio St.3d 313, 316, citing *State ex rel. Bruggeman v. Ingraham* (1999), 87 Ohio St.3d 230, 231. Here, we sua sponte find that the relator's clear lack of standing shows that he obviously cannot prevail on the requested writ of quo warranto.

{¶ 5} Therefore, it is hereby

{¶ 6} **ORDERED** that relator's petition for writ of quo warranto is dismissed, and it is further

{¶ 7} **ORDERED** that all related costs of this action are charged to relator.

{¶ 8} **IT IS SO ORDERED.**

3.

Mark L. Pietrykowski, J.          _____
                                                    JUDGE

Thomas J. Osowik, J.          _____

Myron C. Duhart, P.J.          _____
CONCUR.                                                    JUDGE

                                          _____
                                                    JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.