THE STATE OF OHIO, APPELLEE, *v.* STATEN, APPELLANT.

(No. 70-17—Decided February 17, 1971.)

108

*Mr. Daniel T. Spitler*, prosecuting attorney, for appellee.

*Mr. John C. Halleck*, for appellant.

O'NEILL, C. J.   Appellant first contends that the Common Pleas Court did not follow the mandate of this court on remand because it did not apply the proper test for insanity.   However, a reading of the journal entry of the Common Pleas Court demonstrates that appellant's con-

tention is without support. The journal entry, in pertinent part, provides:

"This matter came on to be heard on the Mandate of the Ohio Supreme Court dated April 9, 1969, and the court adheres to their previous judgment, having at that time found that the defendant, Terry Lee Staten, at the time of committing the criminal act with which he was charged, did know right from wrong, and did have the ability to choose the right and refrain from doing the wrong."

The determination there made by the Common Pleas Court is in accord with the following rule, set forth in the first paragraph of the syllabus, when we first decided this case:

"One accused of criminal conduct is not responsible for such criminal conduct if, at the time of such conduct, as a result of mental disease or defect, he does not have the capacity either to know the wrongfulness of his conduct or to conform his conduct to the requirements of law." (Citations omitted.)

Assuming that the proper test for insanity was applied, appellant's second contention is that the state presented no evidence of defendant's sanity.

Inherent in that contention is the assumption that the burden of proof is upon the state to establish the sanity of the accused. This, however, is not the rule. The accused, in a criminal proceeding, is presumed to be sane and has the burden of proving his insanity by a preponderance of the evidence. *State* v. *Stewart* (1964), 176 Ohio St. 156, 198 N. E. 2d 439; *State* v. *Austin* (1905), 71 Ohio St. 317, 73 N. E. 218. Therefore, the state is not required to present evidence of sanity unless the accused has established his insanity by a preponderance of the evidence. In this case, appellant's evidence of his personality disorder which caused him to be at times legally insane and at other times legally sane, without any evidence that the time of the murder was one of the times at which he was insane, warranted the trial court in finding that this evidence falls short of a preponderance of the evidence.

Appellant finally contends that he was denied due process of law guaranteed him by Sections 10 and 16, Article I of the Ohio Constitution, and the Fifth, Sixth and Fourteenth Amendments to the United States Constitution because one of the members of the three-judge panel which tried him in the Common Pleas Court had reached the age of 70 years prior to the time he assumed office and was, therefore, ineligible for the office under Section 6(c), Article IV of the Ohio Constitution. However, assuming that Judge Coller, who sat as a member of the three-judge panel in the Common Pleas Court, was ineligible to be a judge by reason of his age, it would not follow that his acts as a judge are invalid.

The right of a *de facto* officer to hold office may not be questioned in a collateral proceeding to which he is not a party. *Stiess* v. *State* (1921), 103 Ohio St. 33, 132 N. E. 85. Consequently, until a *de facto* officer is properly challenged in a *quo warranto* proceeding and thereby removed from office, his actions are as valid as those of a *de jure* officer. *Ex Parte Strang* (1871), 21 Ohio St. 610.

A *de facto* officer is one who enters upon and performs the duties of his office with the acquiescence of the people and the public authorities and has the reputation of being the officer he assumes to be and is dealt with as such. *State, ex rel. Witten,* v. *Ferguson* (1947), 148 Ohio St. 702, 76 N. E. 2d 886. The facts that Judge Coller was elected, sat in this case, and signed the journal entry bring him within this definition of *de facto* officer.

For the foregoing reasons, the judgment of the Court of Appeals must be affirmed.

*Judgment affirmed.*

SCHNEIDER, HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.