THE STATE, EX REL. SOWELL ET AL., APPELLANTS, *v.* LOVINGER, ACTING JUDGE, ET AL., APPELLEES.

[Cite as State, ex rel. Sowell, *v.* Lovinger (1983), 6 Ohio St. 3d 21.]

(No. 82-1381—Decided July 13, 1983.)

22

*Mr. Albert A. Pottinger,* for appellants.

*Messrs. Parks, Eisele, Bates & Wilsman, Mr. James M. Wilsman* and *Mr. Edward M. Janis,* for appellee Acting Judge Lovinger.

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Patrick Carroll,* for appellee Judge Spellacy.

*Per Curiam.* The sole issue raised by this appeal is whether appellants have an adequate remedy at law by way of appeal and are thus precluded from seeking relief by way of mandamus and prohibition. See *State, ex rel. St. Sava,* v. *Riley* (1973), 36 Ohio St. 2d 171, 173-174 [65 O.O.2d 395]; *State, ex rel. Woodbury,* v. *Spitler* (1973), 34 Ohio St. 2d 134, 137 [63 O.O.2d 229], certiorari denied (1974), 415 U.S. 913 [69 O.O.2d 42].

Appellants' complaint challenges appellee Lovinger's right to hold the office of acting judge. In *State* v. *Staten* (1971), 25 Ohio St. 2d 107, 110 [54

O.O.2d 235], vacated on other grounds (1972), 408 U.S. 938, this court refused to consider, on appeal, appellant's argument that one of the members of a three-judge panel was ineligible to hold office, stating: "The right of a *de facto* officer to hold office may not be questioned in a collateral proceeding to which he is not a party. *Stiess* v. *State* (1921), 103 Ohio St. 33, [41-42] * * *."

Accordingly, the issue raised in appellants' complaint would not be reviewable upon an appeal from an adverse judgment rendered in the underlying action.

Moreover, we find that the allegations of the complaint, if proven, would present a claim that appellee Lovinger is "without jurisdiction whatsoever to act, [and in such a case,] the availability or adequacy of a remedy of appeal to prevent the resulting injustice is immaterial to the exercise of supervisory jurisdiction by a superior court to prevent usurpation of jurisdiction by the inferior court." *State, ex rel. Adams,* v. *Gusweiler* (1972), 30 Ohio St. 2d 326, 329 [59 O.O.2d 387]. See, also, *State, ex rel. Rockwell Internatl.,* v. *Ford* (1980), 61 Ohio St. 2d 234, 235 [15 O.O.3d 250].

Accordingly, we reverse the judgment of the court of appeals dismissing appellants' complaint and remand the cause to that court for further proceedings.

*Judgment reversed and cause remanded.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.