[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellee, the city of Cincinnati, filed a complaint for unpaid municipal income taxes against defendants-appellants, Jacqueline Steinbeck and Paul Sidney, Jr. Appellants filed numerous pro se motions in which they alleged, among other things, that the city had failed to produce a contract between the parties and that the city had no standing to pursue the claim. The trial court overruled appellants' motions and ordered them to file formal answers to the complaint by a certain date.
Appellants filed a motion to dismiss and a counterclaim, in which they alleged, among other things, that the attorneys representing the city had failed to provide their oaths of office. Because appellants did not file an answer as ordered by the court, the city moved for a default judgment. It also filed motions for summary judgment on the merits of both its complaint and appellants' counterclaim, together with the supporting affidavit of a city tax examiner. The trial court granted the motions and entered judgment for the city on both its complaint and appellant's counterclaims. This appeal followed.
Appellants present two assignments of error for review. In their first assignment of error, they contend that the trial court erred in granting summary judgment in favor of the city and in finding that they were in default for failing to file an answer. We need not reach the issue of whether the trial court erred in granting the city's motion for a default judgment, because we hold that the trial court properly granted summary judgment in favor of the city on the merits of the case.
The city presented evidence along with its motions for summary judgment showing that appellants owed city income taxes for the tax years in question. Thus, it met its burden to show that no genuine issues of fact existed for trial, that reasonable minds could come to but one conclusion, which was adverse to appellants, and that it was entitled to judgment as a matter of law. SeeHarless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,375 N.E.2d 46; Stinespring v. Natorp Garden Stores, Inc. (1998),127 Ohio App.3d 213, 711 N.E.2d 1104. Appellants failed to meet their burden to show that a genuine issue of material fact existed for trial, but instead relied upon irrelevant issues. See Vahilav. Hall (1997), 77 Ohio St.3d 421, 674 N.E.2d 1164. Under the circumstances, the trial court did not err in granting the city's motions for summary judgment, and we overrule appellants' first assignment of error.
In their second assignment of error, appellants state that the trial court erred in overruling their motion to strike and their motion to dismiss. In these motions, appellants claimed that the city's attorneys, by signing the complaint and various other pleadings and motions, somehow made themselves witnesses and that, therefore, they had no standing to bring the action. This reasoning is completely erroneous. Civ.R. 11 required the attorneys to sign the pleadings and motions, and we cannot hold that complying with its provisions somehow rendered the pleadings and motions incompetent.
Appellants also argued that the city's attorneys, as municipal employees and officers, were required to supply their oaths of office. While R.C. 705.28 and 733.68 require municipal officers and employees to take an oath of office, no statute requires them to produce evidence of that oath upon demand. See State v. Studer
(Nov. 25, 1991), Butler App. No. CA91-06-101, unreported. Further, the right of an officer to hold office may not be questioned in a collateral proceeding to which that officer is not a party. State v. Staten (1971), 25 Ohio St.2d 107,267 N.E.2d 122, vacated as to death penalty (1972), 408 U.S. 938,92 S.Ct. 2869; State v. Kielar (Apr. 19, 1996), Miami App. No. 95-CA-34, unreported.
Finally, appellants argued that the city failed to produce the contract that appellants allegedly signed. The Ohio Constitution and R.C. Chapter 728 confer upon municipalities the power to tax as part of their powers of local self-government. Cincinnati BellTelephone Co. v. Cincinnati (1998), 81 Ohio St.3d 599,693 N.E.2d 212; Building Indus. Assn. of Cleveland and Suburban Counties v.Westlake (1995), 103 Ohio App.3d 546, 660 N.E.2d 501. The city's claim was not based on contract and, therefore, it did not have to produce a contract signed by appellants.
Thus, appellants failed to show that the city could prove no set of facts in support of its claim that would have entitled it to relief. Consequently, the trial court did not err in overruling appellants' motion to dismiss for failure to state a claim upon which relief could be granted. Civ.R. 12(B)(6);Greenwood v. Taft, Stettinius Hollister (1995), 105 Ohio App.3d 295,663 N.E.2d 1030. Similarly, appellants did not show that any of the city's claims were insufficient or that the city's pleadings contained any redundant, immaterial, impertinent or scandalous matter. Consequently, the trial court did not err in overruling appellants' motion to strike. Civ.R. 12(F). Accordingly, we overrule appellants' second assignment of error and we affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Winkler, JJ.