OPINION
{¶ 1} This is an accelerated appeal of the judgment of the Portage County Municipal Court which, upon a plea of no contest, found appellant, David A. Archer ("Archer"), guilty of a first offense violation of R.C.4511.19(A)(6).
{¶ 2} On January 27, 2002, Archer was arrested and charged with operating a vehicle with a prohibited breath alcohol content. Archer entered a plea of not guilty and moved to suppress evidence obtained as a result of the traffic stop. Archer's motion challenged the validity of the stop, arrest, and the admissibility of the results of his breath test. The trial court denied Archer's motion to suppress.
{¶ 3} Subsequently, Archer withdrew his not guilty plea and entered a plea of no contest. The trial court found Archer guilty of a first offense violation of R.C. 4511.19(A)(6). The trial court sentenced Archer to 180 days in jail and fined him $450.00. The trial court suspended 173 days and $200.00 provided Archer completed "the D.U.I. School." We have stayed execution of the jail time and fine pending this appeal.
{¶ 4} Archer appeals his conviction raising three assignments of error:
{¶ 5} "[1.] The acting judge who heard the motion to suppress had no colorable authority to serve as a de facto municipal judge. Accordingly, the decision he rendered was void.
{¶ 6} "[2.] The State failed to prove substantial compliance with the radio frequency interference checks required by O.A.C. 3701-53-04(A). Accordingly, the acting judge erred in concluding the results of the chemical test using the BAC DataMaster should not be suppressed.
{¶ 7} "[3.] The State likewise failed to prove with competent evidence the validity of the target value for checking the BAC DataMaster."
{¶ 8} In his first assignment of error Archer argues that Judge Perry G. Dickinson lacked authority to hear Archer's motion to suppress because he was not properly appointed as an acting judge. Therefore, Archer contends the trial court's decision is void. We disagree.
{¶ 9} The record on appeal includes a Certificate of Assignment which reads:
{¶ 10} "The Honorable Perry George Dickinson[,] a retired judge of the Portage County Municipal Court, Kent, is assigned effective January 15, 2002 to preside in the Portage County Municipal Court, Ravenna, for the months of March and April 2002 and to conclude any proceedings in which he participated that are pending at the end of that period."
{¶ 11} Chief Justice Moyer signed the Certificate, which was filed on February 20, 2002. Therefore, the record shows that Judge Dickinson was properly assigned to the municipal court.
{¶ 12} Even were the record devoid of the Certificate, Archer's argument would still fail. We were presented with the same argument in State v. Shearer (Sept. 30, 1994), 11th Dist. No. 93-P-0052, 1994 Ohio App. LEXIS 4439. There we stated:
{¶ 13} "Appellant does not challenge the jurisdiction of the court, but the status of Acting Judge Berger, i.e., whether it was proper to appoint an acting judge to hear the case instead of a duly elected and qualified judge. * * *.
{¶ 14} "'The right of a de facto officer to hold office may not be questioned in a collateral proceeding to which he is not a party. Stiess v. State (1921), 103 Ohio St. 33 [41-42] * * *.' State ex rel. Sowell v. Lovinger (1983), 6 Ohio St.3d 21, 23, quoting State v. Staten (1971),25 Ohio St. 107, 110. (Citation omitted.)
{¶ 15} "Thus, the issue of whether the appointment of an acting judge is unlawful 'would not be reviewable upon an appeal from an adverse judgment rendered in the underlying action.' Lovinger at 23. See, also, WSOS Community Action Comm., Inc. v. Bessman (Aug. 20, 1993), Sandusky App. No. S-93-2, unreported." Id. at 2-3."
{¶ 16} Therefore, Archer may not challenge Judge Dickinson's authority in the instant case.
{¶ 17} Also, Archer failed to object to Judge Dickinson's authority at the trial court level. Therefore, he has waived any possible error.See, Id. quoting Williams v. Banner Buick, Inc. (1989), 60 Ohio App.3d 128,134.
{¶ 18} Archer's first assignment of error is without merit.
{¶ 19} Archer's second and third assignments of error challenge the trial court's refusal to suppress the test results obtained from the BAC DataMaster. Therefore, we address these assignments of error together.
{¶ 20} Appellant first argues that the State failed to present properly authenticated documents to establish that a proper radio frequency interference ("RFI") test had been conducted as required by O.A.C.3701-53-04(A). This section provides:
{¶ 21} "A senior operator shall perform an instrument check on approved evidence breath testing instruments and a radio frequency interference (RFI) check no less frequently than once every seven days in accordance with the appropriate instrument checklist for the instrument being used. The instrument check may be performed anytime up to one hundred and ninety-two hours after the last instrument check."
{¶ 22} The State's failure to substantially comply with testing requirements is grounds to exclude the results of a breath test. State v. Hominsky (1995), 107 Ohio App.3d 787.
{¶ 23} The State maintains that Exhibits G and I established substantial compliance with the testing requirements. Archer contends that these documents were not properly authenticated and, therefore, the trial court should have granted his motion to suppress evidence of his breath test.
{¶ 24} Likewise, Archer argues that the State failed to comply with the testing requirements of O.A.C. 3701-53-04(A)(2). This subsection provides in relevant part, "An instrument shall be checked using an instrument check solution containing ethyl alcohol approved by the director of health." Archer contends that the State failed to establish that the director of health approved the solution used to test the BAC DataMaster. The State contends that Exhibit E, a Batch or Lot Certificate, established compliance with O.A.C. 3701-53-04(A)(2).
{¶ 25} Each exhibit we have referenced contained a certification from the Ohio State Highway Patrol Records Custodian certifying that the exhibit was a "true and accurate copy of the original record which is in my custody." Archer contends that this certification, standing alone, is insufficient to authenticate the exhibits. We disagree.
{¶ 26} Evid. R. 902 provides that:
{¶ 27} "Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
{¶ 28} "* * * *
{¶ 29} "(4) Certified copies of public records
{¶ 30} "A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2), or (3) of this rule or complying with any law of a jurisdiction, state or federal, or rule prescribed by the Supreme Court of Ohio."
{¶ 31} This court has held that records such as Exhibits E, G, and I, are self-authenticating under Evid. R. 902(4) when certified by the law enforcement agency's custodian of records. See, e.g. State v. McCardel (Sept. 28, 2001), 11th Dist. No. 2000-P-0092, 2001 Ohio App. LEXIS 4432; State v. Flauto (Dec. 23, 1994), 11th Dist. No. 93-P-0073, 1994 Ohio App. LEXIS 5863; State v. Starkey (Sept. 25, 1998), 11th Dist. No. 97-P-0098, 1998 Ohio App. LEXIS 4530. Therefore, Archer's second and third assignments of error or without merit.
{¶ 32} For the foregoing reasons the judgment of the Portage County Municipal Court, Kent Division, is affirmed.
JUDITH A. CHRISTLEY, J., concurs,
DIANE V. GRENDELL, J., concurs in judgment only.