POTTS, APPELLANT, v. ROSE, WARDEN, APPELLEE.

[Cite as *Potts v. Rose,* 100 Ohio St.3d 119, 2003-Ohio-5102.]

(No. 2003–0902—Submitted September 17, 2003—Decided October 15, 2003.)

---

**Per Curiam.**

{¶ 1} In January 2000, the Richland County Court of Common Pleas convicted appellant, Jeffrey M. Potts, of aiding or abetting aggravated robbery and sentenced him to prison. On appeal, the court of appeals affirmed. *State v. Potts* (Sept. 28, 2000), Richland App. No. 00 CA 12, 2000 WL 1473879.

{¶ 2} In June 2001, Potts filed a civil complaint in the Richland County Court of Common Pleas in which he claimed that his trial court judge was guilty of fraud and lacked jurisdiction to preside over his criminal trial because of his failure to comply with certain statutes, including R.C. 2701.06.[1] The common pleas court dismissed the complaint, and on appeal, the court of appeals affirmed the dismissal. *Potts v. Deweese* (Jan. 23, 2002), Richland App. No. 01CA66, 2002 WL 106320, appeal not allowed, 95 Ohio St.3d 1438, 2002-Ohio-2084, 766 N.E.2d 1003.

{¶ 3} In August 2001, Potts filed a petition for a writ of habeas corpus in this court. Potts again claimed that his trial court judge lacked jurisdiction to convict and sentence him because of his failure to comply with R.C. 2701.06. In September 2001, we dismissed the cause. *Potts v. Bagley* (2001), 93 Ohio St.3d 1426, 755 N.E.2d 351.

{¶ 4} In March 2003, Potts filed a petition for a writ of habeas corpus in the Court of Appeals for Richland County. Potts reiterated his claim that he was entitled to release from prison because the asserted failure to comply with R.C. 2701.06 divested the trial court of jurisdiction to convict and sentence him. Potts named his prison warden as the respondent. In April 2003, the court of appeals sua sponte dismissed Potts's petition.

{¶ 5} We affirm the judgment of the court of appeals. Res judicata barred Potts from filing a successive habeas corpus petition. *Turner v. Ishee*, 98 Ohio St.3d 411, 2003-Ohio-1671, 786 N.E.2d 54, ¶ 6.

{¶ 6} Moreover, Potts's claim is not cognizable in his habeas corpus action. " 'The right of a *de facto* officer to hold office may not be questioned in a collateral proceeding to which he is not a party.' " *State ex rel. Sowell v. Lovinger* (1983), 6 Ohio St.3d 21, 23, 6 OBR 18, 450 N.E.2d 1176, quoting *State v. Staten* (1971), 25 Ohio St.2d 107, 110, 54 O.O.2d 235, 267 N.E.2d 122, vacated on other grounds (1972), 408 U.S. 938, 92 S.Ct. 2869, 33 L.Ed.2d 759; see, also, *State v. Kielar* (Apr. 19, 1996), Miami App. No. 95–CA–34, 1996 WL 200612 (rejecting

---

1. {¶ a} R.C. 2701.06 provides:

{¶ b} "Each commission issued by the governor to a judge of the court of appeals or a judge of the court of common pleas shall be transmitted by the secretary of state to the clerk of the court of common pleas of the county in which such judge resides. Such clerk shall receive the commission and forthwith transmit it to the person entitled thereto. *Within twenty days after he has received such commission, such person shall take the oath required by Section 7 of Article XV, Ohio Constitution and sections 3.22 and 3.23 of the Revised Code, and transmit a certificate thereof to such clerk, signed by the officer administering such oath.*

{¶ c} "*If such certificate is not transmitted to the clerk within twenty days, the person entitled to receive such commission is deemed to have refused to accept the office, and such office shall be considered vacant.* The clerk shall forthwith certify the fact to the governor who shall fill the vacancy." (Emphasis added.)

claim of lack of jurisdiction of trial court judge for failing to comply with R.C. 2701.06).

{¶ 7} Therefore, the court of appeals properly dismissed Potts's habeas corpus petition. We affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

———

Jeffrey M. Potts, pro se.

Jim Petro, Attorney General, and Bruce D. Horrigan, Assistant Attorney General, for appellee.