DECISION AND JUDGMENT ENTRY
{¶ 1} Petitioner-Appellant Dale G. Becker argues that the Ross County Court of Common Pleas erred when it denied his petition for a writ of habeas corpus and denied his motion for leave to amend the petition. Because we find that Appellant failed to assert a cognizable claim for habeas corpus relief, we disagree. Based on our disposition of Appellant's first argument, we find the trial court's judgment denying his motion to amend moot. Accordingly, we affirm the trial court's judgment.
 I. {¶ 2} In 1991, Appellant pled guilty to one charge of gross sexual imposition, in violation of R.C. 2907.05. The Clermont County Court of Common Pleas sentenced him to a prison term for a minimum four years and a maximum ten years. In a separate case, but also in 1991, Appellant pled guilty to one charge of sexual battery with a specification, in violation of R.C. 2907.03(A)(1). The Clermont County Court of Common Pleas sentenced him to a prison term for a minimum four years and a maximum ten years, to be served consecutively with the first prison sentence. The sentencing took place before was Judge John L. Watson.
 {¶ 3} Appellant is serving his prison term in the Ross Correctional Institution, under the supervision of Respondent-Appellee Warden Pat Hurley. On June 19, 2004, Appellant filed a petition for a writ of habeas corpus. In his petition, Appellant alleged that Appellee is unlawfully detaining him because the Clermont County Court of Common Pleas lacked jurisdiction to pass sentence on him. According to the petition, Judge Watson failed to take an oath of office for the years 1990-1991, and thus acted in violation of R.C. 3.22, 3.23, 1907.14(A), and Ohio Constitution, Art. XV, Sec. 7, when sentencing Appellant. As evidence, Appellant attached a request he sent to the Clermont County Clerk of Courts for a copy of Judge Watson's Oath of Office. The Clerk returned the letter, with a hand-written statement included in the paragraph pertaining to Appellant's request. That statement reads: "Did not have an oath in the year 1990-1991."
 {¶ 4} Approximately twelve days after Appellant filed his habeas corpus petition, he filed: (1) an affidavit of indigency; (2) an affidavit concerning civil actions and appeals he filed in the previous five years in any state or federal court; and (3) a certified accounts statement showing his prisoner account for the previous six months.
 {¶ 5} On August 20, 2004, Appellee filed a motion to dismiss the petition. Appellee argued that: (1) pursuant to Potts v. Rose,100 Ohio St.3d 119, 2003-Ohio-5102, Appellant did not have a cognizable habeas corpus claim; (2) Appellant failed to meet the mandatory requirements set forth in R.C. Chapter 2969; and (3) Appellant failed to verify his petition as required by R.C. 2725.04. Regarding the second point for dismissal, Appellee argued that provisions in R.C. Chapter 2969 required Appellant to file, along with his petition, affidavits of indigency and civil actions/appeals, and a certified account statement. Appellant responded with a motion for leave to amend his petition.
 {¶ 6} The trial court dismissed Appellant's habeas corpus petition and denied his motion to amend the petition. Regarding the dismissal, the trial court found that Appellant failed to: (1) assert a cognizable habeas corpus petition; (2) adhere to the mandatory requirements set forth in R.C. 2969; and (3) verify his petition as required by R.C.2725.04. The trial court then denied Appellant's motion to amend on the grounds that its reasoning for dismissal mooted the request.
 {¶ 7} Appellant appeals and raises the following assignments of error:
 {¶ 8} "I. THE COURT ERRORED (SIC) WHEN THE COURT DID NOT ADDRESS THE ONLY ISSUE OF THIS CASE, THAT THE TRIAL COURT NEVER HAD SUBJECT MATTER JURISDICTION AND APPELLANT'S CONVICTION AND SENTENCE IS VOID AB INITO.
 {¶ 9} II. THE COURT ERRORED (SIC) WHEN THE COURT FOUND THAT APPELLANT'S MOTION TO AMEND DEFECTS IN ORIGINAL PETITION WAS NOT WELL TAKEN AFTER THE DEFECTS WERE RULED AGAINST."
 II. {¶ 10} In his first assignment of error, Appellant argues that the trial court erred when it denied his habeas corpus petition without addressing its merits. Appellant contends that Potts v. Rose does not apply to this case and that the trial court should not have allowed procedural technicalities to prevent it from ruling on the merits. Appellee asserts that Judge Waston acted as a de facto officer, and, as such, Appellant may not attack his actions in a collateral proceeding to which he is not a party. Appellant replied to this argument by arguing, for the first time, that Watson is deceased and cannot be made a party to an action for relief.
 {¶ 11} Potts involved an appeal from a dismissed-petition for a writ of habeas corpus. Id., 100 Ohio St.3d 119, 2003-Ohio-5102. In the petition, Potts argued that the trial court lacked jurisdiction to convict him because the presiding judge failed to comply with R.C. 2701.06. Id. at ¶ 3-4. The Ohio Supreme Court ruled that res judicata barred Potts' petition because he previously filed a habeas corpus petition, alleging the same facts, in another court. Id. at ¶ 5. In dictum, the court found that even if res judicata did not bar the petition, it failed for lack of a cognizable claim. Specifically, the court ruled that "[t]he right of a de facto officer to hold office may not be questioned in a collateral proceeding to which he is not a party." Id. at ¶ 6, citing State ex rel.Sowell v. Lovinger (1983), 6 Ohio St.3d 21, 23, quoting State v. Staten
(1971), 25 Ohio St.2d 107, 110, vacated on other grounds (1972),408 U.S. 938; State v. Kielar (Apr. 19, 1996), Miami App. No. 95CA34 (rejecting claim of lack of jurisdiction of trial court judge for failing to comply with R.C. 2701.06).
 {¶ 12} A de facto officer is defined as "one who enters upon and performs the duties of his office with the acquiescence of the people and the public authorities and has the reputation of being the office he assumes to be and is dealt with as such." State v. Staten (1971),25 Ohio St.2d 107, 110, citing State ex rel. Witten v. Ferguson (1947),148 Ohio St. 702. In Staten, the court found that facts showing that the trial judge sat in the case and signed the journal entry sufficiently prove him a de facto officer. Id. at 110.
 {¶ 13} Here, we find that the trial court properly applied Potts.
Under the rule set forth in Staten, Judge Watson acted as a de facto officer. Staten, supra, at 110. As such, Appellant may not collaterally attack any inappropriate actions taken by him unless he is a party to the case.
 {¶ 14} Appellant argues, in his reply brief, that Potts should not apply to this case because Judge Watson is now deceased, thus barring him from attacking his sentence with the judge as a party. We first note that Appellant failed to argue this point before the trial court. Therefore, he cannot argue it for the first time on appeal. See, Stores Realty Co. v.Cleveland (1975), 41 Ohio St.2d 41, 43 ("errors which arise during the course of a trial, which are not brought to the attention of the court by objection or otherwise, are waived and may not be raised upon appeal.), citing Snyder v. Standford (1968), 15 Ohio St.2d 31; Oney v. Needham
(1966), 6 Ohio St.2d 154.
 {¶ 15} Assuming that Appellant properly asserted this argument below, we would still affirm the trial court's judgment. In Staten, the Ohio Supreme Court held that "until a de facto officer is properly challenged in a quo warranto proceeding and thereby removed from office, his actions are as valid as those of a de jure officer." Here, Appellant provides no reason why he was unable to procure this information before Judge Watson passed away. The information is public record and was available. Yet, Appellant waited almost thirteen years before making the request. His only basis for relief is a quo warranto proceeding. See, Potts, supra;Staten, supra. The fact that he cannot now bring that action and remove Judge Watson from office, does not require this court to create an exception to a well-established rule of law.
 {¶ 16} Because we find that the trial court properly dismissed the petition pursuant to Potts, we decline to address the trial court's other bases for dismissal. See App.R. 12(A)(1)(c). Accordingly, Appellant's first assignment of error is without merit.
 II. {¶ 17} In his second assignment of error, Appellant argues that the trial court erred when it denied his motion to amend his habeas corpus petition. Appellant contends that a trial court should liberally grant motions to amend in order to permit a decision on the merits.
 {¶ 18} Because our disposition of Appellant's first assignment of error finds that he failed to assert a cognizable habeas corpus claim, we find the trial court's denial of his motion to amend moot. See App.R. 12(A)(1)(c). Accordingly, we overrule Appellant's second assignment of error and we affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, P.J. Kline, J.: Concur in Judgment and Opinion.