[Cite as *State v. Hill*, 2012-Ohio-5210.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                          :

    Plaintiff-Appellee            :        C.A. CASE NO. 24966

vs.                                   :        T.C. CASE NO. 2010 CR 3880

ANDRE C. HILL                         :        (Criminal Appeal from the
                                                 Common Pleas Court)

    Defendant-Appellant           :

· · · · · · · · ·

**O P I N I O N**

Rendered on the 9th day of November, 2012.

· · · · · · · · ·

Mathias H. Heck, Prosecuting Attorney, by R. Lynn Nothstine, Assistant Prosecuting Attorney, Atty. Reg. No. 0061560, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
    **Attorney for Plaintiff-Appellee**

James C. Staton, Atty. Reg. No. 0068686, 5613 Brandt Pike, Huber Heights, Ohio 45424

    **Attorney for Defendant-Appellant**

· · · · · · · · ·

GRADY, P.J.:

{¶ 1} Defendant Andre C. Hill appeals from a judgment of conviction for possession of cocaine (10 grams but less than 2.5 grams of crack cocaine), R.C. 2925.11(A), a second degree felony. The judgment was entered by the trial court after accepting a plea of no contest Defendant entered following the court's denial of his Crim.R. 12(C)(3) motion to suppress evidence.

**{¶ 2}** The indictment charging the offense of which Defendant was convicted alleges that his offense occurred on or about December 6, 2010. No hearing was held on Defendant's motion to suppress evidence. However, in its Decision and Order overruling Defendant's motion, the trial court found that the evidence Defendant moved to suppress was seized in a search of the premises at 4261 Foxton Court, in Dayton, and that the search was performed on the authority of a search warrant obtained on December 6, 2010, by Dayton Police Detective Ryan T. Halburnt.

**{¶ 3}** The motion to suppress Defendant filed on February 9, 2011 [Dkt. 12] argued that the search and seizure was illegal because the search warrant Detective Halburnt obtained was not signed by a judge, having instead been signed by Colette E. Moorman, a magistrate of the Dayton Municipal Court. R.C. 2933.21 authorizes a judge of a court of record to issue search warrants. "A search warrant is void *ab initio* if not signed by a judge prior to the search." *State v. Williams*, 57 Ohio St.3d 24, 565 N.E.2d 563 (1991), syllabus by the court.

**{¶ 4}** The State argued that the magistrate was authorized to sign the warrant on December 6, 2010, having been appointed a substitute judge following the death of the Honorable Dennis J. Greaney, an incumbent judge of the Dayton Municipal Court. The State attached to its written response a copy of an order signed by the Presiding/Administrative Judge of the Dayton Municipal Court, appointing the magistrate to serve as a Substitute Judge of that court "during the absence of Judge Greaney" * * * "for December 6-7, 2010." The order was filed on January 3, 2011. The entry also contains an oath of office prescribed for judges to which the magistrate subscribed on that same date.

{¶ 5}   The trial court agreed with the State and overruled Defendant's motion to suppress, writing:

> O.R.C. Section 1901.12 permits the appointment of a substitute judge in a municipal court in the temporary absence of a judge.   The State has produced the order which appointed Moorman as a substitute judge on the day she signed the search warrant.   Accordingly, the search was properly executed, and Defendant's motion must be overruled. [Dkt. 16].

{¶ 6}   Defendant moved the court to reconsider its decision [Dkt. 18], arguing that pursuant to R.C. 1901.10(A)(1)(a) appointments following and on account of a judge's death must instead be made by the chief justice of the supreme court.   The trial court overruled Defendant's motion to reconsider, finding that R.C. 1901.10(A)(1)(a) does not apply "because Moorman was appointed for a limited period of time as opposed to being appointed to temporarily fill the entire vacancy created by Judge Greaney's death." [Dkt. 19].

{¶ 7}   Defendant waived his right to a trial and entered a plea of no contest to the indicted charge on September 22, 2011.   [Dkt. 22].   On December 22, 2011, having accepted Defendant's plea and found him guilty, the court entered a judgment of conviction imposing a mandatory term of imprisonment of four years. [Dkt. 33].   Defendant filed a timely notice of appeal. [Dkt. 35].   He raises two assignments of error on appeal.

{¶ 8}   Defendant's first assignment of error:

"THE APPOINTMENT OF AN INTERIM JUDGE BY OTHER THAN THE CHIEF JUSTICE OF THE OHIO SUPREME COURT WAS IMPROPER UPON THE DEATH OF THE SITTING JUDGE."

{¶ 9} Defendant's second assignment of error:

"THE TRIAL COURT ERRED WHEN IT ADMITTED EVIDENCE ACQUIRED BY THE IMPROPER WARRANT."

{¶ 10} R.C. 1901.10 provides for filling a vacancy in the office of a judge of the municipal court. Paragraph (A)(1)(a) of that section states:

> The judges of the municipal court and officers of the court shall take an oath of office, as provided in section 3.23 of the Revised Code. The office of judge of the municipal court is subject to forfeiture, and the judge may be removed from office, for the causes and by the procedure provided in sections 3.07 to 3.10 of the Revised Code. A vacancy in the office of judge exists upon the death, resignation, forfeiture, removal from office, or absence from official duties for a period of six consecutive months, as determined under this section, of the judge and also by reason of the expiration of the term of an incumbent when no successor has been elected or qualified. The chief justice of the supreme court may designate a judge of another municipal court to act until that vacancy is filled in accordance with section 107.08 of the Revised Code. A vacancy resulting from the absence of a municipal judge from official duties for a period of six consecutive months shall be determined and declared by the legislative authority.

{¶ 11} R.C. 107.08, to which R.C. 1901.10(A)(1)(a) refers, provides for filling the judicial vacancy through an appointment made by the governor, and mirrors the provisions of Article IV, § 13, Ohio Constitution.

{¶ 12} R.C. 1901.10(A)(1)(b) provides for instead filling a vacant judicial office through an election when the vacancy occurs during a designated period prior to the next general election.

{¶ 13} R.C. 1901.12 provides for the vacation period of judges of the municipal courts, and states:

(A) A municipal judge is entitled to thirty days of vacation in each calendar year. Not less than two hundred forty days of open session of the municipal court shall be held by each judge during the year, unless all business of the court is disposed of sooner.

(B) When a court consists of a single judge, a qualified substitute may be appointed in accordance with division (A)(2) of section 1901.10 of the Revised Code to serve during the thirty-day vacation period, who shall be paid in the same manner and at the same rate as the incumbent judge, except that, if the substitute judge is entitled to compensation under division (A)(5) or (6) of section 141.04 of the Revised Code, then section 1901.121 of the Revised Code shall govern its payment. If a court consists of two judges, one of the judges shall be in attendance at the court at all times, and the presiding judge shall have the authority to designate the vacation period for each judge, and when necessary, to appoint a substitute for the judge when on vacation or not in attendance. If a court consists of more than two judges, two-thirds of the court shall be in attendance at all times, and the presiding judge shall have

authority to designate the vacation period of each judge, and, when necessary, to appoint a substitute for any judge on vacation or not in attendance.

{¶ 14} The principal distinction between R.C. 1901.10 and 1901.12 is not with respect to the period of time of the appointments concerned. The principal distinction is instead with respect to the predicate event that authorizes the appointment.

{¶ 15} R.C. 1901.10 applies when a judicial office once filled by commission becomes vacant by reason of any of the events that section identifies, which includes the death of the incumbent judge. Then, the chief justice of the Supreme Court may designate another commissioned municipal court judge to act in the vacant position until a successor is appointed by the governor or following a general election. R.C. 107.08; Article IV, § 13, Ohio Constitution.

{¶ 16} R.C. 1901.12 applies when a commissioned incumbent judge is temporarily absent by reason of one or more of the 30 days of vacation which that section authorizes municipal judges to take. A "substitute judge" must then be appointed by the court's presiding judge to serve in the incumbent's position. The substitute judge's powers derive from the incumbent's commission. A substitute judge cannot be appointed to serve in the position of a deceased judge, because that judge's death terminates his or her commission. Furthermore, death is not a "temporary absence."

{¶ 17} The Presiding/Administrative Judge of the Dayton Municipal Court was not authorized to appoint a substitute judge to serve in Judge Greaney's position following his death. The further issue is whether that rendered illegal the search and seizure that were conducted pursuant to the warrant the magistrate signed.

{¶ 18} Defendant argues that even if the magistrate's appointment as a substitute judge was authorized by R.C. 1901.12, she lacked authority to sign the search warrant on or about December 6, 2010, because she did not subscribe to her oath of office as a judge until January 3, 2011, the date she was appointed a substitute judge. R.C. 3.23 prescribes the oath a judge of a court of record must take. Article XV, § 7 of the Constitution of Ohio states:

Every person chosen or appointed to any office under this state, before entering

upon the discharge of its duties, shall take an oath or affirmation, to support the

constitution of the United States, and of this state, and also an oath of office.

{¶ 19} R.C. 3.22 mirrors to the constitutional provision, and states:

Each person chosen or appointed to an office under the constitution or laws of

this state, and each deputy or clerk of such officer, shall take an oath of office

before entering upon the discharge of his duties. The failure to take such oath

shall not affect his liability or the liability of his sureties.

{¶ 20} The oath of office to which the magistrate subscribed on January 3, 2011, upon her appointment as a substitute judge, did not authorize her to exercise the powers of that judicial office on December 6-7, 2010, the term of her appointment, because she did not subscribe to the oath <u>before</u> exercising her powers of office on those dates, which the magistrate did when she signed the search warrant on December 6, 2010. The further issue is whether that defect rendered illegal the search and seizure that were conducted pursuant to the warrant.

{¶ 21} Defendant relies on *State v. Williams*, which held that a warrant is void *ab initio* if not signed by a judge prior to the search. In *Williams*, the warrant bore no signature

at all. In the present case, the warrant bore the signature of a person purporting to be a judge. The warrant did not suffer from the facial defect in *Williams*, which rendered the warrant void and therefore precluded application of the "good faith" exception in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). *See State v. Spaw*, 18 Ohio App.3d 77, 480 N.E.2d 1138 (1984).

{¶ 22} The power and authority of a judicial officer and the validity of her office cannot be collaterally attacked in a criminal proceeding. Those challenges must instead be made in an original action *in quo warranto* to determine whether the judge had a valid title to her office, in which proceeding the judge herself would be made a party defendant and have an opportunity to appear and make a defense thereto. *Stiess v. State*, 103 Ohio St. 33, 41 (1921). That challenge is not reviewable on appeal from an adverse judgment rendered in the criminal proceeding. *State ex rel. Stowell v. Lovinger*, 6 Ohio St.3d 21, 450 N.E.2d 1176 (1983).

{¶ 23} The two errors Defendant assigns with respect to the trial court's denial of his motion to dismiss constitute a collateral attack on his criminal conviction, and are therefore not reviewable in this appeal from his criminal conviction. *Id*. Defendant's two assignments of error are overruled. The judgment of the trial court will be affirmed.

Donovan, J., and Hall, J., concur.


Copies mailed to:

R. Lynn Nothstine, Esq.
James C. Staton, Esq.
Hon. Barbara P. Gorman