[Cite as *State v. Nurse*, 2012-Ohio-6000.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 26391 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| TIFFANY N. NURSE | COURT OF COMMON PLEAS<br>COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 11 03 0796(B) |

DECISION AND JOURNAL ENTRY

Dated: December 19, 2012

DICKINSON, Judge.

INTRODUCTION

{¶1} The Grand Jury indicted Tiffany Nurse for endangering children, permitting drug abuse, and possession of marijuana. Ms. Nurse moved to suppress the evidence the State had obtained while executing a search warrant, arguing that the judge who issued the warrant did not have authority to do so and that the warrant was not supported by probable cause. After the trial court denied her motion, she pleaded no contest. The court found her guilty of the offenses and sentenced her to two years of community control. Ms. Nurse has appealed, arguing that the judge who signed the search warrant lacked authority to issue it and that the court incorrectly failed to merge her offenses at sentencing. We affirm because the judge who issued the search warrant had been appointed to serve as a visiting judge and Ms. Nurse has not provided this Court with a transcript of the sentencing hearing.

SEARCH WARRANT

**{¶2}** Ms. Nurse's first assignment of error is that the visiting judge who issued a search warrant lacked the requisite constitutional and statutory authority. Her argument appears to be that the visiting judge did not have authority to issue the warrant because he was not appointed in accordance with Section 1901.10 of the Ohio Revised Code or Rule 17 of the Ohio Rules of Superintendence. She also appears to argue that a visiting judge only has authority to act as a judge when he is scheduled to sit for another judge. According to Ms. Nurse, a visiting judge has no authority to act outside of normal court hours and when he does not receive payment for his services.

**{¶3}** Initially, we question whether Ms. Nurse can contest the visiting judge's authority to issue a search warrant on direct appeal of her criminal convictions. In *State v. Staten*, 25 Ohio St. 2d 107 (1971), vacated in part on other grounds, 408 U.S. 938 (1972), the Ohio Supreme Court explained that "[t]he right of a de facto officer to hold office may not be questioned in a collateral proceeding to which he is not a party. . . . [U]ntil a de facto officer is properly challenged in a quo warranto proceeding and thereby removed from office, his actions are as valid as those of a de jure officer." *Id*. at 110 (citing *Stiess v. State*, 103 Ohio St. 33 (1921) and *Ex Parte Strang*, 21 Ohio St. 610 (1871)). Assuming that the judge who issued the search warrant was not properly appointed, he would have been a de facto judge. *See State ex rel. Sowell v. Lovinger*, 6 Ohio St. 3d 21, 22-23 (1983) (considering challenge of acting judge's right to hold office). Because the State has not argued that Ms. Nurse's arguments are not reviewable on direct appeal and we have been unable to locate any Ohio Supreme Court cases applying *Staten* and its progeny in a case involving a direct appeal from the denial of a motion to suppress, however, we will consider the merits of Ms. Nurse's assignment of error. *But see State v. Hill*,

2d Dist. No. 24966, 2012-Ohio-5210, ¶ 22 (concluding defendant could not challenge the authority of the judge who signed a search warrant "on appeal from an adverse judgment rendered in the criminal proceeding.").

{¶4}　Search warrants are subject to both constitutional and statutory provisions. *State v. Wilmoth*, 22 Ohio St. 3d 251, 261-62 (1986). Under the Fourth Amendment to the United States Constitution, "[t]he right of the people to be secure . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause . . . ." "Section 14, Article I of the Ohio Constitution is nearly identical in its language, and its protections are coextensive with its federal counterpart." *State v. Kinney*, 83 Ohio St. 3d 85, 87 (1998). Under Ohio's statutory provisions, a search warrant shall issue only upon probable cause, supported by oath or affirmation describing with particularity the place to be searched and the things to be seized. R.C. 2933.22(A). "A judge of a court of record may, within his jurisdiction, issue warrants to search a house or place[.]" R.C. 2933.21. Under Rule 41(A) of the Ohio Rules of Criminal Procedure, "a judge of a court of record" may issue a search warrant "to search and seize property located within the court's territorial jurisdiction[.]"

{¶5}　The question in this case is whether the visiting judge who issued the warrant was a "judge of a court of record" under Section 2933.21 and Criminal Rule 41(A). Section 1901.10(B) of the Ohio Revised Code provides that, "[if] the volume of cases pending in any municipal court necessitates an additional judge, the chief justice of the supreme court . . . may designate a judge of another municipal court or county court to serve for any period of time that the chief justice may prescribe." Similarly, Rule 17(B)(1) of the Ohio Rules of Superintendence provides that "[t]he Chief Justice . . . of the Supreme Court may assign any of the following

persons who consent to temporarily serve as a judge on any municipal or county court: . . . [a] retired judge of a municipal or county court . . . ."

{¶6}   At the hearing on the motion to suppress, the State presented a letter from the Chief Justice of the Ohio Supreme Court assigning the retired judge who issued the search warrant "to serve as a visiting judge for Akron Municipal Court for the months of January through March 2011."  The search warrant was issued by the visiting judge on March 24, 2011, which was within the appointment period.  Ms. Nurse has not persuaded us that a properly-appointed visiting judge is not a "judge of a court of record" under Section 2933.21 and Criminal Rule 41(A).  We, therefore, conclude that the trial court correctly determined that the visiting judge had authority to issue the search warrant.  Although Ms. Nurse has pointed out that the judge did not ask to be paid for performing any work on March 24, 2011, we conclude that whether a judge requests remuneration for issuing a warrant does not affect the validity of the warrant.  Ms. Nurse's first assignment of error is overruled.

SENTENCE MERGER

{¶7}   Ms. Nurse's second assignment of error is that the trial court incorrectly failed to merge her offenses at sentencing.  She has argued that her convictions for endangering children, permitting drug abuse, and possession of marijuana were allied offenses that should have merged under Section 2941.25 of the Ohio Revised Code.

{¶8}   The record does not contain a copy of the transcript of the hearing at which Ms. Nurse pleaded no contest and the trial court found her guilty and sentenced her.  Without a copy of the transcript describing the facts of the case, we are unable to determine whether the court should have merged the offenses.  *See State v. Williams*, __ Ohio St. 3d __, 2012-Ohio-5699, ¶ 25 ("Appellate courts apply the law to the facts of individual cases to make a legal determination

as to whether R.C. 2941.25 allows multiple convictions."). It is an appellant's duty to ensure that a transcript of proceedings is transmitted to the appellate court for review. App. R. 10(A); Loc. R. 5(A). "When portions of the transcript which are necessary to resolve assignments of error are not included in the record on appeal, the reviewing court has 'no choice but to presume the validity of the [trial] court's proceedings, and affirm.'" *City of Cuyahoga Falls v. James*, 9th Dist. No. 21119, 2003-Ohio-531, at ¶ 9 (quoting *Knapp v. Edwards Labs.*, 61 Ohio St. 2d 197, 199 (1980)). We, therefore, must presume that the trial court correctly decided not to merge the offenses. Ms. Nurse's second assignment of error is overruled.

CONCLUSION

**{¶9}** The trial court correctly denied Ms. Nurse's motion to suppress and correctly decided that her offenses do not merge under Section 2941.25 of the Ohio Revised Code. The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CLAIR E. DICKINSON
FOR THE COURT

WHITMORE, P. J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

SARAH HULBURT, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.