[Cite as *Univ. of Akron v. Jones*, 2013-Ohio-4999.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

UNIVERSITY OF AKRON c/o STATE OF
OHIO COLLECTIONS ENFORCEMENT

    Appellee

    v.

LONNIE M. JONES

    Appellant

C.A. No.    26650


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2011 05 2646

DECISION AND JOURNAL ENTRY

Dated: November 13, 2013

---

BELFANCE, Presiding Judge.

{¶1}    Lonnie Jones appeals the judgment of the Summit County Court of Common Pleas. For the reasons set forth below, we affirm.

I.

{¶2}    The University of Akron filed a complaint against Mr. Jones in which it alleged that he had an outstanding account balance. The university sought payment on the account as well as interest and collection fees. Mr. Jones filed multiple motions in response to the university's complaint, including an answer and two counterclaims. The university filed an amended complaint alleging a second debt owed by Mr. Jones and also moved to dismiss Mr. Jones' counterclaims. The trial court granted the university's motion to dismiss, concluding that it lacked jurisdiction to hear Mr. Jones' counterclaims. A trial was held September 6, 2012; however, Mr. Jones did not attend, and the trial court entered judgment in favor of the university, ordering Mr. Jones to pay the university for the outstanding tuition and fees.

**{¶3}** Mr. Jones has appealed, raising two assignments of error for our review. For ease of discussion, we address Mr. Jones' second assignment of error first.

## II.

**{¶4}** Before addressing Mr. Jones' assignments of error, we initially note that he is pro se. It is well established that pro se litigants should be granted reasonable leeway, and their motions and pleadings should be construed liberally so as to decide the issues on the merits as opposed to technicalities. *See, e.g., Pascual v. Pascual*, 9th Dist. Medina No. 12CA0036–M, 2012–Ohio–5819, ¶ 5. "However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes." (Internal quotations and citations omitted.) *Id*. It is not this Court's duty to create an appellant's argument for him. *See Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998); App.R. 16(A)(7).

## ASSIGNMENT OF ERROR II

> THE TRIAL COURT ERRED WHEN IT FAILED TO ADDRESS AND DISMISS THE CASE FOR LACK OF STANDING AND THE FAILURE TO FOLLOW THE FEDERAL FINANCIAL AID RULES AND THE RULES OF COLLECTIONS IN SUCH CASES[.]

**{¶5}** Mr. Jones argues in his second assignment of error that the trial court should not have entered judgment in favor of the university. Although Mr. Jones' precise argument is unclear, he appears to be arguing that the university was required to bring suit in federal court because the alleged debt was for a federal student loan. However, nothing in the university's filings indicates that the alleged debt was a federal student loan; rather, the university indicated that it was seeking unpaid tuition and student fees for a semester of classes Mr. Jones attended.

The only suggestion that the debts were federal student loans came in Mr. Jones' motions and responsive filings.

{¶6} Presumably, the nature of the loans was established at the trial in this case. Unfortunately, a transcript of the proceedings was not made part of the record on appeal. *See State v. Nurse*, 9th Dist. Summit No. 26391, 2012-Ohio-6000, ¶ 8 ("It is an appellant's duty to ensure that a transcript of proceedings is transmitted to the appellate court for review."); App.R. 10(A); Loc.R. 5(A). Thus, we must presume regularity in the proceedings below. *See Shumate v. Shumate*, 9th Dist. Lorain No. 09CA009707, 2010-Ohio-5062, ¶ 9. Therefore, even assuming Mr. Jones' argument that suits involving federal student loans must be brought in federal court was correct, there is no evidence of the nature of the debt given our limited record. In addition, Mr. Jones does not otherwise argue that the trial court lacked subject matter jurisdiction over the university's debt collection action.

{¶7} Accordingly, Mr. Jones' second assignment of error is overruled.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN DEFENDANT INFORMED COURT THAT HE WAS NOT SERVED PROPERLY AND COURT PROCEEDED WITHOUT ALLOWING DEFENDANT A HEARING TO DETERMINE WHETHER SERVICE WAS PROPERLY RENDERED.

{¶8} Mr. Jones argues in his first assignment of error that the trial court should have held a hearing on the issue of whether he was served with the university's motion to dismiss his counterclaims. However, we conclude that, to the extent the trial court erred in not holding a hearing, the error was harmless.

{¶9} In his answer, Mr. Jones counterclaimed that the university had "wrongfully and unjustly collected tax monies from [him]" and that "[t]he alleged interest due, along with the collection costs are unreasonable and shocking to the conscience, and should not be held up or

applied in cases such as this." The university moved to dismiss Mr. Jones' counterclaims on January 26, 2012, arguing that Mr. Jones had failed to state a claim and that the trial court lacked jurisdiction over the counterclaims because the Court of Claims had sole jurisdiction over claims against the State. Mr. Jones filed a response on February 28, 2012, and asserted that he had not received the university's motion to dismiss his counterclaims. Later that day, the trial court dismissed Mr. Jones' counterclaims, determining that it lacked jurisdiction over them.

{¶10} Mr. Jones has not challenged the trial court's conclusion on appeal. *See* App.R. 16(A)(7). Regardless, with respect to Mr. Jones' first counterclaim, the trial court's decision was correct. The university is a state university, and state universities are instrumentalities of the State. *See* R.C. 3345.011 ("'State university' means a public institution of higher education which is a body politic and corporate. Each of the following institutions of higher education shall be recognized as a state university: university of Akron * * *."); *Lewis v. Kent State Univ.*, 8th Dist. Cuyahoga No. 93727, 2010-Ohio-3724, ¶ 12 (concluding that Kent State University is an instrumentality of the State). *See also Dillon v. Univ. Hosp.*, 715 F.Supp 1384, 1386-1387 (S.D. Ohio 1989) (concluding that the University of Cincinnati and its hospital are arms of the State); *McElhiney v. Univ. of Akron Personnel Dept.*, 9th Dist. Summit No. 10343, 1981 WL 2640, *2 (Dec. 30, 1981) ("[T]he University of Akron is an 'alter ego' of the state and not a political subdivision thereof."). The Court of Claims has sole jurisdiction over claims and counterclaims against the State and its entities. R.C. 2743.03(A)(1) ("The court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code * * *."); R.C. 2743.03(E)(1) ("A party who files a counterclaim against the state or makes the state a third-party defendant in an action commenced in any court, other than the court of claims, shall

file a petition for removal in the court of claims."). Thus, given that the university is an instrumentality of the State, Mr. Jones's counterclaim was a claim against the State, and, therefore, the Court of Claims had exclusive jurisdiction over it. R.C. 2743.03(E)(1); *Meccon, Inc. v. Univ. of Akron*, 126 Ohio St.3d 231, 2010-Ohio-3297, ¶ 19 (The Court of Claims had jurisdiction to hear plaintiff's action for money damages and injunctive relief against the University of Akron.); *Lewis* at ¶ 12 (The Court of Claims has exclusive jurisdiction over claims against a state university.). *See also Ries v. Ohio State Univ. Med. Ctr.*, Slip Opinion No. 2013-Ohio-4545, ¶ 20 (noting that the Court of Claims had exclusive jurisdiction over the question of whether a state employee (a doctor at the Ohio State University Medical Center) had immunity). Thus, the trial court did not have jurisdiction; the Court of Claims did. Accordingly, to the extent that the trial court should have allowed Mr. Jones an opportunity to be heard, the error was harmless because it did not affect the outcome of the proceedings since the trial court could not have heard Mr. Jones' first counterclaim. *See* Civ.R. 61 ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."); R.C. 2743.03(A)(1), (E)(1).

{¶11} Mr. Jones' second counterclaim was essentially a defense to the university's requested damages of collection fees and interest on the alleged debt. In its amended complaint, the university alleged that Mr. Jones owed $11,052.00 on one account and $585.82 on the other. The university also sought to collect more than $9,000 in collection costs and interest. However, based on the evidence at trial, the trial court found that Mr. Jones owed the university $11,087.90 and $585.82 for a total of $11,673.72. While it is unclear why the $35.90 discrepancy exists between the alleged amount owed and the judgment awarded by the trial court, we unfortunately cannot review the discrepancy because we do not have a transcript of the proceedings. *Nurse*,

2012-Ohio-6000, at ¶ 8; *Shumate*, 2010-Ohio-5062, at ¶ 9. The discrepancy could merely be a clerical error, a reflection of evidence submitted at trial, or even an award of collection costs and interest. However, without the transcript, we are unable to say for certain.

**{¶12}** Mr. Jones' second "counterclaim" was actually a defense to the collection costs and debt, but Mr. Jones did not attend the trial to defend. Furthermore, we do not have a transcript and, therefore, cannot determine whether the $35.90 discrepancy is due to the trial court's award of additional permissible fees such as collection costs and interest. Thus, under these circumstances, we cannot conclude that Mr. Jones was harmed by the dismissal of his second "counterclaim." *See* Civ.R. 61.

**{¶13}** Mr. Jones' first assignment of error is overruled.

### III.

**{¶14}** In light of the foregoing, the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

                                        _____

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
HENSAL, J.
CONCUR.

APPEARANCES:

LONNIE JONES, pro se, Appellant.

SCOTT W. PARIS, PAUL K. RODE, MICHAEL S. BERKOWITZ, and CRYSTAL BLEVINS, Attorneys at Law, for Appellee.