Lanzinger, J.,
dissenting.
{¶ 41} While I agree that quo warranto cannot be used to oust Brown from an “acting chief of police” position, because that position is a temporary assignment rather than a public office, I respectfully dissent from the majority’s holding that Brown is not a “de facto deputy chief’ and therefore cannot be ousted through an action in quo warranto. I would grant the writ.
{¶ 42} The majority relies on the proposition that quo warranto will not test the legality of a public officer’s official action. State ex rel. Berry v. Tackett, 60 Ohio St.2d 12, 396 N.E.2d 743 (1979). Yet that is not the situation here. The relators are seeking to oust Brown for unlawfully usurping the duties of a deputy chief. We have held that “[a] de facto officer is one who enters upon and performs the duties of his office with the acquiescence of the people and the public authorities and has the reputation of being the officer he assumes to be and is dealt with as such.” State v. Staten, 25 Ohio St.2d 107, 267 N.E.2d 122 (1971), paragraph three of the syllabus. And R.C. 2733.01(A) provides that a quo warranto action may be brought in the name of the state “[a]gainst a person who usurps, intrudes into, or unlawfully holds or exercises a public office * * * within this state.” (Emphasis added.) It is not misconduct on the part of Brown that is being alleged but his unlawful intrusion into the office and his performance of the duties of a deputy chief.
{¶ 43} The majority in part justifies denying the writ on the fact that Brown does not claim to be a deputy police chief. Such a claim, however, would not be in his interests. If Brown claimed he held the position, it would be readily apparent that he has usurped, intruded, or unlawfully exercised that public office. Instead, he refers to himself as “assistant chief of police,” a position the majority acknowledges does not exist under the city charter.
*511 Muskovitz & Lemmerbrock, L.L.C., Susannah Muskovitz, and William E. Froehlich, for relators.
Cheri B. Cunningham, Akron Director of Law, and Patricia Ambrose-Rubright and Tammy Kalail, Assistant Directors of Law, for respondents.
{¶ 44} In my view, sufficient evidence exists to show that respondents have sidestepped the provision of the city charter that requires the deputy police chief to be a member of the classified civil service. By assigning Brown to perform the functions of a deputy police chief without actually appointing him to that position, respondents have circumvented civil-service requirements, a maneuver we have held to be improper. Local 330, Akron Firefighters Assn., AFL-CIO v. Romanoski 68 Ohio St.3d 596, 629 N.E.2d 1044 (1994).
{¶ 45} Although a writ to remove Brown from the position as assistant to the mayor should not be granted, a writ that removes him from performing the duties of the office of deputy police chief should be granted.
O’Connor, C.J., and French, J., concur in the foregoing opinion.